Newton v. Newton.

---

## NEWTON v. NEWTON, Appellant.

### Division Two, April 23, 1901.

1. **Appellate Practice:** RULING ON DEMURRER: REVIEW. Ruling on demurrer may be reviewed on appeal without an exception.

2. ———: EXCEPTION IN RECORD: BILL OF EXCEPTIONS. An exception recited in the record proper does not preserve the matter thus recited, which can be done by a bill of exceptions alone.

3. **Homestead:** ANTE-MORTEM CONVEYANCE BY HUSBAND: DOWER RIGHT OF WIFE. An ante-mortem conveyance by a husband of his homestead in order to defeat his wife of her dower right is void under Revised Statutes 1899, section 3616, debarring the husband from selling, mortgaging, or alienating the homestead in any manner whatever.

4. ———: ———: WIFE'S MARITAL RIGHTS: FRAUD: EQUITY. A conveyance of land or personalty by a husband during his last sickness,

and in contemplation of death, without consideration, and for the purpose of defrauding his wife of her marital rights, gives ground for equitable interference.

5. **Dower: FRAUDULENT CONVEYANCE BY HUSBAND: EQUITY INTERVENTION.** Under Revised Statutes 1889, section 4518, entitling a wife to one-half the real and personal estate belonging to the husband "at the time of his death absolutely," equity will enforce the wife's interest in the property sought to be conveyed by the husband before his death to defeat her marital rights, though the legal title be not in him at the time of his death.

6. ———: ———: **WIFE'S ELECTION: RATIFICATION.** Under Revised Statutes 1889, section 4520, entitling the widow of a husband dying childless to elect to take her dower as provided in section 4513, to-wit, a one-third interest for life in land of which the husband was seized at any time during coverture, free from debts; or as provided in section 4518, to-wit, a one-half interest in all property belonging to the husband "at the time of his death absolutely," subject to debts—by electing to take under section 4518, the wife does not ratify conveyances made by the husband with the fraudulent intent to cut down her marital rights.

7. ———: **DEFECTIVE PLEADING: HOW CURED.** A defect in a petition to enforce dower in failing to show that the declaration of election was filed within twelve months after grant of letters, etc., as required by Revised Statutes 1889, section 4522, is cured by a statement showing that the husband died less than a year before the commencement of the suit.

Appeal from Miller Circuit Court.—*Hon. D. W. Shackleford,* Judge.

AFFIRMED.

*Moore & Williams* with *W. M. Williams* for appellant.

(1) (a) Upon the death of her husband, Samuel Newton, plaintiff became endowed of one-third part of all the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance at any time during his marriage. R. S. 1889, sec. 4513. This dower right of the widow, to-

gether with her homestead right, gave her all that she was entitled to in the real estate deeded to defendant by his brother, Samuel Newton. She was entitled to such homestead and dower without any act or election on her part. (b) The election of the plaintiff was under the provisions of the statute (Revised Statutes, 1889, sections 4518 and 4522) which "entitled her to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts." The conveyance by the husband of plaintiff, of the real estate in controversy, to the defendant, was not fraudulent in law or in fact—her dower rights were secure as to these lands. (c) Her election gave her no right to set aside such conveyance, that she might elect to receive one-half the real estate conveyed by the husband before his death. Hornsey v. Casey, 21 Mo. 545; Crecelius v. Horst, 4 Mo. App. 419; s. c., 11 Mo. App. 304; s. c., 89 Mo. 356. (2) The husband could not, on the eve of marriage, secretly and without the knowledge or consent of the woman who afterwards becomes his wife, deed away his land for the purpose of defrauding her of her dower rights. The uniform decisions of the courts are, that the wife may bring an action to set aside such deed as constructively fraudulent, as to such dower rights, but no further. In no case can she set aside a deed to become a distributee of one-half of the real property by an election. The husband's right to convey his land during marriage, subject to dower, is the same as before, and while in contemplation of marriage. Chandler v. Hollingsworth, 3 Del. Chan. Rep. 99; s. c., 17 Am. Law Reg. (N. Y.), 319; Dudley v. Dudley (Wis.), 8 L. R. A. 814; Arnegaard v. Arnegaard, 5 North Dakota, 475, 41 L. R. A. 258; Dudley v. Dudley, 76 Wis. 567; Phelps v. Phelps, 143 N. Y. 197, 25 L. R. A. 625. In those States where dower is given the widow in lands of which the husband died seized, his conveyance during coverture, no matter what his motive, will

not be set aside to give the widow dower in the land so conveyed. Flowers v. Flowers, 18 L. R. A. 75; Stewart v. Stewart, 5 Conn. 317; 5 Am. and Eng. Ency. Law, title, Dower; Scribner, Dower, chap. 29. (3) A testamentary disposition of personal property, in view of the impending death of the husband, stands on a different footing; in such case, the rights of the wife in such property are totally destroyed. The reason of a different rule is obvious. Stone v. Stone, 18 Mo. 392. That such a disposition of personal property may be set aside by a suit of the widow, is the settled doctrine in this State, by numerous decisions. Davis v. Davis, 5 Mo. 183; Laughlin v. Laughlin, 16 Mo. 242; Tucker v. Tucker, 29 Mo. 350; Straat v. Neal, 84 Mo. 69. But not a single case holds that the same rule applies to real estate, when the widow has a right to dower under the first section of the dower law of this State. (4) By her election the plaintiff renounced all claims to dower in the lands conveyed by the husband during coverture. Hornsey v. Casey, 23 Mo. 371. By such election she becomes a distributee in the property owned by him at the time of his death, and she thereby absolutely "renounced all claim of dower" in the lands conveyed by him. Wigley v. Beauchamp, 51 Mo. 546; Matney v. Graham, 50 Mo. 560; Griffith v. Canning, 54 Mo. 282. The matter of election is purely a creature of positive law. Outside the statute it has no existence. Welch v. Anderson, 28 Mo. 299.

*W. S. Pope* and *W. M. Lumpkin* for respondent.

(1) It has ever been the law in this State that a husband, under the circumstances and in the manner set out in plaintiff's petition, could not dispose of his personal property so as to deprive his widow of her marital rights. Davis v. Davis, 5 Mo. 183; Laughlin v. Laughlin, 16 Mo. 242; Stone v. Stone, 18

Mo. 392; Tucker v. Tucker, 29 Mo. 350; Straat v. Neal, 84 Mo. 69; Brandon v. Dawson, 51 Mo. App. 237; Dyer v. Smith, 62 Mo. App. 606; Lilly v. Menke, 126 Mo. 210, 143 Mo. 137. By the same process of reasoning the husband can not, as he did in this case, dispose of his real estate, without consideration, for the purpose of defrauding his wife out of her marital rights; to deprive her of her right of election, when in a low state of health with conscious certainty of approaching death and no hope of recovery, and when the defendant was actively participating in the frauds being practiced on plaintiff, and when her husband died seized and possessed of the land. And defendant never took possession until after death of plaintiff's husband. Walker v. Walker, 66 N. H. 390; Thayer v. Thayer, 14 Vt. 107; Rabbitt v. Gaither, 67 Md. 94; Lord v. Hough, 43 Cal. 581; McGhee v. McGhee, 4 Iredell (Law), 105; Hays v. Henry, 1 Md. Ch. 337; Cranson v. Cranson, 4 Mich. 230. (2) The dower of widow in this case is fixed by section 4518, Revised Statutes 1889, if she so elected, which she did. This deed, being fraudulent, was void as to her. The facts show it was testamentary in its character. The grantor retained possession during life, and died seized and possessed. The case comes within the rule in Lilly v. Menke, 126 Mo. 210, 143 Mo. 137. (3) "Gifts and conveyances made by a husband for the purpose of defeating his wife's marital rights are invalid against her claim as his widow to her distributive share in his estate." Walker v. Walker, 66 N. H. 390; 1 Scribner on Dower (2 Ed.), p. 628, sec. 40; Wait on Fraudulent Conveyances (3 Ed.), secs. 70, 314; Gilson v. Hutchinson, 120 Mass. 27; McClurg v. Schwartz, 87 Pa. St. 521; Jiggitts v. Jiggitts, 40 Miss. 718; London v. London, 1 Humph. 1; Jenny v. Jenny, 24 Vt. 324; Brewer v. Connell, 11 Humph. 500; Swaine v. Perine, 5 Johns. Ch. 482; Petty v. Petty, 4 B. Mon. 215; Killinger v.

Ridenhauer, 6 Serg. & Rawle, 531; Littleton v. Littleton, 1 Bat. & Dev. (N. C.), 327.

SHERWOOD, P. J.—This was a proceeding instituted in the Miller Circuit Court to set aside a conveyance of certain lands in Miller county. Leaving off caption of petition and setting forth its substance and material portions, plaintiff therein states that she was married to Samuel Newton, now deceased, before any of the dates and times mentioned in this petition and from and after their marriage was his wife until his death on the twenty-second day of December, 1896; that during their coverture and for a long time prior to the twenty-first day of November, 1896, the said Samuel Newton was the owner of in fee, and seized and possessed of the following lands situated in Miller county, giving description of such lands, composing about 300 acres, as well as property situate in the town of Eldon (giving description), which lots in Eldon plaintiff and her husband during his lifetime occupied as their homestead, of all which lands and lots plaintiff's husband died seized and possessed; that on the twenty-first day of November, 1896, while the said Samuel Newton was in his last sickness and not expecting to live for but a short time and shortly before his death, he conveyed the aforesaid lands to the defendant for the purpose of defeating, as far as he could, the marital rights of the plaintiff in said property after his death, and that the defendant took and received the conveyance for said property, well knowing the reason and intention of the said Samuel Newton, in conveying the property aforesaid to him, and with a view to aid her said husband as far as he could in depriving her of her marital rights after his death; that the defendant paid nothing for the said land so conveyed; that there was not sufficient consideration for said conveyance, and the only real consideration was that the defendant, who was the brother of the plaintiff's husband, might

take the land, discharged as far as possible of her marital rights under the law, and that said conveyance was made by her husband and received by the defendant in fraud of plaintiff's rights, and for the purpose of defrauding her out of her marital rights after the death of her husband; that there were no children born of the marriage aforesaid, and that said Samuel Newton died leaving no children or other descendants in being capable of inheriting; that he did not owe anything at the time of his death, nor is his estate, now being administered upon in the probate court of Miller county, Missouri, in any wise indebted or incumbered, nor did he owe anything on the twenty-first day of November, 1896, or prior thereto, or at the time of making the conveyance aforesaid to defendant; that at the time of the conveyance aforesaid, her said husband was the owner of a large amount of personal property, of horses, mules, wagons, farming implements, cattle, household and kitchen furniture, money, notes, bonds, mortgages, deeds of trust and various other kinds of property, and evidences of debt and choses in action, a particular description of which she is now unable to give, but of the value of at least twenty thousand dollars; that he likewise conveyed to the defendant at the same time, without consideration and in anticipation of soon dying, and for the purpose of depriving her of her marital rights in his estate after his death, and of defrauding her by that device, out of the same, and to prevent her from claiming her said marital rights, under the provisions of section 4518 of the Revised Statutes of Missouri, and thereby to put the whole of his property, both real, and personal and mixed, as far beyond her reach as possible, and to impoverish her so that she would be unable to sue for and recover her rights in his property as his widow after his death; that since the death of the said Samuel Newton, she has duly filed her election to take dower under the provisions of section 4518 of the Revised Statutes of Missouri of 1889, as required

by section 4522 of the said Revised Statutes of the State of
Missouri and filed the same in the office of the probate court of
Miller county, Missouri, that being the court granting letters
of administration on the estate of her husband and having jur-
isdiction thereof and also filed her declaration or deed of elect-
ion in the office of the recorder of deeds of Miller county, Mis-
souri, for record; that after the death of her husband Samuel
Newton, the defendant took possession of the real estate afore-
said under the aforesaid fraudulent conveyance to him, and
still holds the possession thereof, and she has been by him de-
forced of her dower and marital rights therein; and she again
here charges that the conveyance and all the acts and doings of
the defendant and of her said husband in and about the same,
was a fraudulent contrivance on their part to prejudice her
rights; that the said conveyance was made with the avowed de-
sign of depriving her of her rightful portion of her husband's
estate, to which she was lawfully entitled, and was made with the
intention on the part of both the defendant and her said hus-
band of preventing her from electing to take dower in the es-
tate of her husband under the provisions of section 4518, Re-
vised Statutes of Missouri 1889; that her said husband and the
defendant took counsel before the making of said conveyance
how to cut off the plaintiff of her just share of the estate after
her husband's death, and how to deprive her of her right of
election as aforesaid guaranteed to her under the laws of the
State; that at the time of the making of said conveyance to the
defendant, her husband was in a very low condition, with con-
scious certainty of approaching death, he then having no hope
of recovery; that the defendant was well aware of the facts here
charged and of each and all of them, and was a party thereto,
and actively participated in all of the frauds and contrivances
aforesaid; that she never at any time relinquished her dower
or marital rights in said land in any way whatever, either dur-

ing the lifetime of her husband or since his death.

Wherefore, she prays the court that it, in consideration of the above facts, adjudge and decree that the said deed aforesaid, which is recorded in the recorder's office of Miller county, Missouri, in book 10 at page 55 thereof, be declared fraudulent as to her, and in fraud of her marital rights as the widow of the said Samuel Newton deceased, that she be adjudged the owner of an one-half interest in said lands, and that the defendant be deemed and held in law and equity to hold the said lands in trust only, and so as not to deprive her of her marital rights therein as attempted by the acts herein complained of, and that this court adjudge and decree, that a partition and division of said lands be made between the plaintiff and defendant giving to each the one-half thereof, and also that this court appoint commissioners to make such partition and division and for all such other and further orders, judgments and decrees in and about the premises as will do her complete justice and give her all of her marital rights as the widow of Samuel Newton, deceased, of which she has been so fraudulently and forcibly deprived, and also to adjudge against the defendant the value of the rents and profits of the property aforesaid, to which she has been lawfully entitled since the death of her husband and which she avers to be of the monthly value of fifty dollars and also for her costs and other proper relief.

To the above petition defendant interposed the following demurrer:

"For cause of demurrer defendant shows that said petition does not state facts sufficient to constitute a cause of action.

"Second.   That said petition shows upon its face that several causes of action have been improperly united therein.

"Third.   The petition discloses the fact that the plaintiff, as the widow of Samuel Newton, deceased, has filed her election to take and receive as her share and interest in his estate under

the provisions of section 4518 and of section 4522 of the Revised Statutes of Missouri of 1889, and that her declaration of such election has been duly filed in the office of the clerk of the probate court and in the recorder's office of Miller county, and by such election she ratified the deeds and conveyances made by her deceased husband in his lifetime and an action will not lie to set aside such deeds and conveyances in order that she may elect to receive one-half of his real estate under the provisions of section 4518, Revised Statutes, aforesaid."

The trial court held the petition sufficient; defendant stood on his demurrer and final decree went as prayed in the petition.

It is alleged in defendant's abstract that defendant excepted to the action of the court in overruling his demurrer to the petition.

1.    The record shows no such exception; but an exception in such case neither helps nor hurts, as a demurrer will *keep* without an exception. [Spears v. Bond, 79 Mo. 467; Hannah v. Hannah, 109 Mo. 236.] Besides, an exception recited in the record proper does not preserve the matter thus recited; that is the sole and appropriate function of a bill of exceptions, which alone possesses such preservative power. [State v. Wear, 145 Mo. 162.]

2.    A demurrer admits, not the truth of such facts as are alleged in a petition, but the truth of such facts *as are well pleaded,* and not otherwise or elsewhere. [Bliss Code Plead. (3 Ed.), sec. 418; 1 Chit. Pl. (16 Am. Ed.), *693; Com. Dig. Pleader, Q 6. and other cas. cit. in n.]

The facts in the case at bar are sufficiently well pleaded, provided they are "sufficient to constitute a cause of action;" this is the main point in controversy which the demurrer raises to the petition's sufficiency. A subsequent portion of the petition relating to personal property, will be discussed later on.

3. Now first as to the real estate. It is certain that under the provisions of section 3616, Revised Statutes 1899, the husband of plaintiff was debarred from and incapable of selling etc., the homestead at Eldon; and such a sale is declared by that section to be null and void.

4. Relative to the sale of the other realty, the rule is well settled in other jurisdictions that a conveyance of land made by a husband to defraud his wife of her dower in the circumstances mentioned in the questioned petition, constitutes a valid basis for invoking equitable aid and relief.

In Walker v. Walker, 66 N. H. 390, BLODGETT, J., observed: "Upon the facts found at the hearing, the bill can be maintained. The attempt of the plaintiff's husband to dispose of nearly all of his personal estate so that he should have the enjoyment and control of it for life and the plaintiff be deprived of any portion of it at his decease, can not be sanctioned. It is settled law, that conveyances of real estate made by the husband during the coverture for the purpose of defeating the wife's rights, are, as to her, fraudulent and void. Whether the same rule obtains in transfers of personal property for the like purpose when the husband reserves therein no right to himself, is a question upon which the authorities are somewhat at variance; but where the transfer is a mere device or contrivance by which the husband, not parting with the absolute dominion over the property during his life, seeks at his death to deprive his widow of her distributive share, there is no substantial conflict of authority that the rule applicable to conveyances of realty prevails......

"Marriage does not debar a man from all right to dispose of his property during his life according to his will and pleasure. On the contrary, 'nothing is better settled than the power of a husband to dispose of his personal property in good faith, by gift or otherwise, during coverture, free from all *postmortem*

claims thereon by his widow.' [Dickerson's Appeal, 115 Pa. St. 198; s. c. 2 Am. St. Rep. 547, 552.] It simply debars him from making gifts and conveyances with the view of defeating his wife's marital rights, and to this extent only is his power of disposal clogged and fettered. When his object is not to defraud her, he may therefore lawfully sell or convey, and he may even make a gift of his property for any lawful purpose." And a decree entered in conformity to the views above expressed was affirmed—that decree having granted to plaintiff her proper proportion of the personal estate of her deceased husband; he having attempted by gifts, etc., during his life, to defeat her marital rights therein. Citing authorities, the most of which are cited in plaintiff's brief, and which fully support the views in the case from which quotation has just been made.

Scribner says: "So the wife may be relieved in equity against a fraudulent conveyance executed by her husband with intent to defeat her dower. And to the extent of establishing the invalidity of the conveyance as against the wife, this relief may be had during the lifetime of her husband. So in a case where the husband purchased lands of his son at an exorbitant price, and executed his bond and mortgage for the purchase-money, with intent to prejudice his wife's interests in his estate, a court of equity, after the death of the husband, required the son to satisfy the bond and mortgage from the personalty which had come to his hands." [Second Vol. (2 Ed.), 163.]

The same author says elsewhere: "Nor will a fraudulent mortgage of the husband be sustained as against the wife. This was determined in Killinger v. Reidenhauer. 'In Pennsylvania,' said the court in that case, 'where lands are considered as chattels for payment of debts, the husband's lands may be levied on and sold, and the wife loses her dower. So here, a mortgage given by the husband will bind the dower right; all

the interest may be levied on and sold on a *levari facias,* without regard to the wife's right of dower; but a mere voluntary mortgage (much less a fraudulent one, made for the purpose of defeating the inchoate right of the wife), can not bind her, for this would be in fraud of the law, and in fraud of the right accrued directly on the marriage; initiate on the moment of marriage, consummate on the death of the husband; a right much respected in law; highly favored, next to liberty and life.' "  [1 Scribner on Dower, p. 628.]

So, too, in Georgia, there is no statute inhibiting the sale of land by the husband to defeat his wife's right of dower, and yet it is there held that while the husband may make an actual and bona fide conveyance whereby the dower of the wife in his land is actually defeated, still a mere colorable sale and conveyance, not made by the parties with intent to be real and operative, but only as a means of dividing the lands among the children of the husband after his death, he meanwhile being the real, while the grantee in the conveyance is the nominal and formal owner, will leave the husband seized, so far as concerns the dower right, and his widow may claim, and have assigned dower, notwithstanding the colorable conveyance aforesaid. [Flowers v. Flowers, 18 L. R. A. 75.]

So that, it will be seen that the ability or inability of a husband to defeat dower by conveying away his lands, is not the basis, in either instance, for equitable interference; the only basis for that consists in the animus which prompts the conveyance; if fraudulent in such circumstances as recited in the present petition, then equity, properly invoked, takes charge of the affair.

In this case the petition alleges, and the demurrer confesses, the truth of the allegation, that the husband died seized and possessed of the property in suit.

Concession is made by counsel for defendant what, indeed,

had been previously settled by the pleadings and adjudication thereon, that plaintiff by her election under the provisions of section 4518, Revised Statutes 1889, became entitled to "one-half of the real and personal estate belonging to the husband *at the time of his death, absolutely,* subject to the payment of the husband's debts." Stress is laid by counsel on the words which they have italicized, as above, of those quoted. Touching this point, and those words, Judge McGirk said, in Davis v. Davis, 5 Mo. 183: "I then hold, that if the slaves contained in the deed to Thomas Davis were the property of Davis at the time of his death, the dower arises on them.

"But it is argued that they were not his at the time of his death by reason of the deed. I admit that, so far as the mere form or right is concerned, they were not his. Here the form hides the substance, and was intended to do it. But in a court of chancery, no matter how cunningly and deeply covered and concealed the right may be, the deep searching justice of the chancellor, with his argus eyes, will uncover it. The chancery commands the right to remain where it should have been till all the purposes of justice are accomplished."

And it will not escape observation that what the widow takes by *election* is neither more nor less than *dower.* Thus, section 4520 provides: When the husband shall die without a child or other descendant living, capable of inheriting, the widow shall have her election to take her dower, as provided in section 4513, discharged of debts, or the provisions of section 4518, as therein provided.

And section 4522, after pointing out the mode of making the election mentioned and provided for in preceding sections, gives expression to the same idea by saying that if the widow do not file her declarations in twelve months and have it filed in the recorder's office in fifteen months after grant of letters, she shall be *"endowed"* under the provisions of sections 4513,

4515 and 4516.    And the initial section of the chapter, section
4513, also employs the term *"endowed,"* which as already seen
is indiscriminately employed in the cognate sections whether
relating to dower from choice or dower without choice.

In other words, it is as much out of the power of the hus-
band, in the circumstances set forth in the petition, to defraud
his wife out of her *election-dower,* as to thus deprive her of her
*ordinary common-law dower,* as represented by section 4513.

Speaking of dower in personal property, Judge Scott, in
Stone v. Stone, says:    "Although dower is given in personal
estate by our statute, yet it was not thereby intended to restrain
the husband's absolute control of it during his life, to give and
dispose of as he wills; provided it be not done in expectation of
death, and with a view to defeat the widow's dower.    The hus-
band may do as he pleases with his personal property, subject to
this restriction.    After the enjoyment of the property, in the
most absolute manner, during his entire life, the law will not
permit him, at the approach of death, and with a view to defeat
his wife's right of dower, to give it away.    If such a disposition
was allowed, the efficacy of the statute conferring dower in per-
sonalty, would depend on the whim or caprice of the husband."
[18 Mo. 392, et seq.]

In Hornsey v. Casey, 21 Mo. 545, no such element of
fraud was present—as in Stone's case.    And in the case at bar,
plaintiff no more ratified by her election-dower the fraudulent
deeds and conveyances here complained of, than had she pre-
termitted her right of choice of dowers, and fallen back on the
provisions of section 4513.

It is well enough to say in conclusion that that portion of
the petition is bad which relates to filing her election under
section 4522, and to filing declaration in the recorder's office,
since it is not shown that the declaration was filed in twelve
months after grant of letters, nor that such declaration was filed

within fifteen months, etc.

But this defect is cured by the statement that decedent died on December 22, 1896, and the petition on its face shows that the suit was made returnable to the September term, 1897; and this necessarily shows that the papers aforesaid were filed in time.

For these reasons, the judgment should be affirmed.    All concur.