BERTHA KOBER, Appellant, v. JOSEPH KOBER, JULIA KOBER and CAROLINE WEISSKOPF.—23 S. W. (2d) 149.

Division One, December 30, 1929.

*Louis Mayer* and *Irl B. Rosenblum* for appellant.

380

*Taylor, Mayer & Shifrin* for respondents.

RAGLAND, J.—Defendants demurred to plaintiff's petition, on the grounds: (1) that it did not state a cause of action; and (2) that on its face it disclosed that the alleged cause of action was barred by the Statute of Limitations. The demurrer was sustained: plaintiff declining to further plead, a judgment appropriate to that situation was duly entered. From such judgment plaintiff prosecutes this appeal.

The petition was as follows:

"Plaintiff, for her cause of action, states that she is the widow of Leopold Kober, deceased, who died on or about the 19th day of September, 1925; that she was lawfully wedded to the said Leopold Kober on the 21st day of October, 1900, and at all times hereinafter mentioned was the wife of said Leopold Kober; that defendants Joseph Kober and Caroline Weisskopf are children of Leopold Kober by a former marriage.

"Plaintiff further states that on and prior to the 8th day of November, 1901, the said Leopold Kober was the owner of the following described parcels of real estate located in the city of St. Louis, Missouri, to-wit: [Here follow descriptions under paragraphs numbered I, II and III.]

"That, on and prior to November 8, 1901, the said Leopold Kober falsely represented and stated to plaintiff that he needed money and that the only way he could raise same was by borrowing it from one Emma Bloch, wife of Leo Bloch, both residents of the city of St. Louis, Missouri; that in order to consummate said loan it was necessary that plaintiff join with her husband in signing certain papers; that said representations were falsely made and known to be false by the said Leopold Kober and were made for the purpose of

inducing plaintiff to part with any right, title or interest which she might have in and to said property, and not for the purpose falsely stated by Leopold Kober to plaintiff as aforesaid.

"Plaintiff further states that, relying upon the aforesaid representations and being ignorant of the English language, and not understanding the import of her act, and not intending to waive any of her right, title and interest to said property, and not understanding and realizing that she was signing an instrument conveying her interest in and to said property, she signed on November 8, 1901, jointly with the said Leopold Kober, a warranty deed to the aforesaid property to the said Emma Bloch, wife of Leo Bloch.

"Plaintiff further states that she has learned of the fraud and deceit of her said husband Leopold Kober and of the nature of the document she signed since the date of his death; that the defendants with Leopold Kober fraudulently conceived the plan of defeating and wrongfully and unlawfully conspired to defeat any dower interest or other interest which plaintiff might have in and to said property, and thereupon defendants and Leopold Kober, pursuant to said fraudulent purpose and plan, procured the following deeds to said property, executed by the said Emma Bloch and Leo Bloch, her husband, to-wit:

"Deed dated November 9, 1901, to Leopold Kober for life with remainder to Joseph Kober in the aforesaid property of an undivided one-half of said property.

"Deed dated November 9, 1901, to Leopold Kober for life with the remainder in trust to him for the benefit of Caroline Weisskopf of an undivided one-half of said property, said Caroline Weisskopf to have the right to sell her interest in said property.

"Plaintiff further states that all of the aforesaid deeds were made and executed without any consideration passing from any of the parties thereto, and without consideration passing to her.

"Plaintiff further states that, pursuant to said fraudulent purpose and conspiracy, the defendants and Leopold Kober executed a deed in September, 1919, to Loy Lange Box Company of the city of St. Louis, Missouri, of one of the parcels of the aforesaid mentioned property, to-wit: That described as lots 1, 2, 3, 4, 5, 6 and 7 in Block 720 of the city of St. Louis, Missouri; that said deed was executed without the consent or knowledge of plaintiff and that plaintiff did not at any time waive any of her right, title and interest in and to said property; that defendants and Leopold Kober received for said property the sum of $11,000 subject to a deed of trust, leaving the net price received by them for said property of $6,699.38.

"Plaintiff further states that, on or about October 27, 1910, pursuant to the aforesaid purposes and conspiracy, the said Leopold Kober furnished to Joseph Kober the purchase price with which to buy a parcel of real estate located in the city of St. Louis, Mis-

souri, and described as lots 7 and 8 in Block 1678 of said city, together with improvements thereon, known as 1917-1921½ Biddle Street; that the said Joseph Kober took the title to said property in his own name, but for the use and benefit of his father, Leopold Kober, all with a view to defeat any right, title and interest in and to said property which the plaintiff might thereafter have, and all pursuant to the aforesaid fraudulent conspiracy; that thereafter, pursuant to said fraudulent purpose and plan, the said Joseph Kober executed and delivered a deed to Caroline Weisskopf of an undivided one-half interest in said property; that the rents from said property were collected and retained by said Leopold Kober during his lifetime and that said property was in fact the property of said Leopold Kober and not of Joseph Kober and Caroline Weisskopf.

"Plaintiff further states that, pursuant to Section 324, Revised Statutes 1919, as amended by Laws 1921, page 119, and Section 325, Revised Statutes 1919, as amended by Laws 1921, page 111, she elects in lieu of her dower right in and to the above mentioned property to be endowed absolutely in a share in such lands equal to a share of a child of her deceased husband.

"Plaintiff further states that she was prevented from the commencement of this action until the time of the death of her husband by reason of improper acts on the part of her said husband as follows, to-wit:

"1. That the said Leopold Kober, on numerous occasions after November 8, 1901, and up to the time of his death, falsely and fraudulently represented to plaintiff that he owned in fee simple the parcels of property hereinbefore described in paragraph 3, subsections I, II and III thereof, and that upon his death plaintiff would receive her dower estate in and to said property.

"2. That, by reason of the marital relationship existing between plaintiff and said Leopold Kober, duress prevented the commencement of this action by plaintiff.

"Wherefore, the premises considered, plaintiff prays that the deed executed as aforesaid by Leopold Kober and the plaintiff to Emma Bloch, wife of Leo Bloch, and the deed executed by Emma Bloch and Leo Bloch, her husband, to Leopold Kober and Joseph Kober, and the deed executed by Emma Bloch and Leo Bloch, her husband, to Leopold Kober and Caroline Weisskopf for above mentioned real estate located in the city of St. Louis, be set aside, canceled and held for naught; and that this court ascertain and determine the estate, title and interest of herself and all of the defendants in and to all of the real estate hitherto mentioned in the body of this petition, and to define and adjudge by judgment or decree, the title, estate and interest of plaintiff and defendants severally in and to the afore-described real estate and the rents and profits therefrom; and that

the court may hear and finally determine any and all rights, claims, interests, liens and demands whatsoever of the parties hereto, plaintiff and defendants herein, or any one of them concerning or affecting the aforedescribed real estate.

"Plaintiff further prays that defendants account to her for a one-third share in the proceeds of the sale of the aforementioned parcel of property described as lots 1, 2, 3, 4, 5, 6 and 7, in Block 720 of the city of St. Louis, Missouri, and for an accounting of the rents and profits from said property from and after the —— day of September, 1919, to the present date; and for such other and further and equitable relief as to the court may seem proper."

Respondents seek to justify the action of the circuit court on the sole ground that the petition discloses on its face that the action is barred by the Statute of Limitations. We will assume therefore that the petition in other respects is not subject to the challenge of the demurrer.

I. Appellant's right, if any, to dower in the real estate described in paragraphs I, II and III of the petition stands on a different footing from that in the Biddle Street property. Her husband was seized of an estate of inheritance in the first at the time of her marriage to him, and she thereafter during his lifetime released her inchoate dower therein in the manner prescribed by law: the second he purchased after the marriage but took the title in the name of a third person for the fraudulent purpose, it is alleged, of defeating her right of dower. Whether the recovery she seeks with respect to the first is barred by the statute, will be considered first.

By joining with her husband in the general warranty deed to Emma Bloch appellant relinquished her right of dower in the manner prescribed by statute. Notwithstanding such relinquishment was induced by the fraudulent representations of her husband, unless and until it is annulled or set aside she can assert no right of dower in the land in question. In full recognition of that she asks that the deed which effected the release of her right of dower be set aside, canceled and for naught held. When did her right to such relief first accrue? That depends upon the nature of the right or interest of which she was divested by the deed.

Inchoate dower is a valuable right or interest of the wife, which constitutes an incumbrance on the husband's title: it has the attributes of property—real property: it is a legal estate in expectancy, a right to the future enjoyment of an estate, contingent upon the happening of an uncertain event. [Teckenbrock v. McLaughlin, 246 Mo. 711, 718, 152 S. W. 38.] Because inchoate dower, though contingent and uncertain, possesses the elements of property, a wife may maintain an action for its protection—even against her husband if he attempts to destroy it through a fraudulent alienation. [Buzick v. Buzick, 44 Iowa, 259. See also Huntzicker v. Crocker, 135 Wis.

38; Henze v. Mitchell, 93 Neb. 278; Simar v. Canaday, 53 N. Y. 298.] The plaintiff was not therefore compelled to await the death of her husband to bring a suit to annul the deed, in so far as it operated as a release of her inchoate dower: her right to such relief came into existence upon the delivery of the deed: her cause of action with respect thereto accrued then. The deed was executed November 8, 1901; this suit was commenced November 1, 1925. Section 1308, Revised Statutes 1919, is the applicable section of the Statute of Limitations. So far as pertinent here, it is as follows:

"All actions which have accrued to married women concerning the recovery of real estate, or any interest therein, or right thereto, or possession thereof ten years or more prior to the taking effect of this section, shall be forever barred unless any such married woman bring her action within two years after the taking effect of this section . . ."

The Section was enacted in 1919 and took effect August 7, 1919. [Laws 1919, pp. 496 and 772.] According to its plain terms appellant's action, in so far as it seeks a recovery of dower in the parcels of land described in paragraphs I, II and III of the petition, is barred.

Appellant contends that her action is under Section 1970, Revised Statutes 1919, and that the failure to sue within ten years after the right to sue accrues does not bar an action under that section, citing Kline v. Groeschner, 219 S. W. l. c. 651. That may be true where the proceeding seeks simply an ascertainment of the *status quo* of the title or titles to the property, and not affirmative relief looking to the recovery of real estate or the possession thereof. [Armor v. Frey, 253 Mo. 447, 475, 161 S. W. 829.] But that is not this case.

She further insists that the statute applies only to actions at law. In that she is mistaken. We have but one form of action for the enforcement and protection of private rights and the redress and prevention of private wrongs, and the Statute of Limitations applies alike to all, whether they were before the enactment of the Code called legal or equitable. [Marshall v. Hill, 246 Mo. 1, 25, 151 S. W. 131; Burrus v. Cook, 215 Mo. 496, 506, 114 S. W. 1065; Hoester v. Sammelmann, 101 Mo. 619, 624, 14 S. W. 728; Rogers v. Brown, 61 Mo. 187, 191.]

Nor does the failure to discover the fraud, or acts of defendants in concealing the fraud, toll the running of the statute. No such exceptions are written into the statute and we are not at liberty to insert them. [Parish v. Casner, 282 S. W. 392, 409; Turnmire v. Claybrook, 204 S. W. 178, 179.]

II. If appellant's husband, Leopold Kober, purchased the Biddle Street property with his own means and for his own use, but took the

386

title in, the names of his children for the fraudulent purpose of defeating his wife's dower, as alleged in the petition, then his said children were seized of an estate of inheritance to his use within the meaning of Section 315, Revised Statutes 1919, and his wife's right of dower attached. No action of any kind was necessary to establish the right: it came into existence by force of the statute itself. [Sec. 315, supra. See also LaRue v. LaRue, 317 Mo. 207, 214, 294 S. W. 723; Hach v. Rollins, 158 Mo. 182, 59 S. W. 232.] Appellant's cause of action for the recovery of the dower accrued upon her husband's death and is of course not barred.

The judgment of the circuit court is reversed and the cause remanded, to be further proceeded with in accordance with the views herein expressed. All concur.