244 S.W.2d 105 (1951)
HART et al.
v.
PARRISH et al.
No. 42351.
Supreme Court of Missouri, Division No. 1.
December 10, 1951.
*106 Erwin Tzinberg, Clayton, for plaintiffs-appellants.
Edwin Rader, Clayton, for Mittler and Mahoney, defendants-appellants.
Frank Coffman, E. H. Schwarzenbach and Thos. M. Gioia, all of St. Louis, for respondent.
VAN OSDOL, Commissioner.
This is an appeal from a judgment and decree in favor of Lillian Parrish, defendant-respondent, and adverse to George R. Hart and Brooksie N. Jones, plaintiffs-appellants, and to John L. Mahoney and Clarence F. Mittler, defendants-appellants, by which judgment and decree a sheriff's deed and a deed of trust, conveying and encumbering described real estate in St. Louis County, were set aside.
Plaintiffs Hart and Jones instituted the action against defendant Lillian Parrish to recover the possession of the described real estate. Plaintiffs alleged their ownership of the property as joint tenants, and stated they had acquired title by mesne conveyances from one Leona Shoop who, it was alleged, had bought the property at a sheriff's sale and had acquired title by sheriff's deed dated April 5, 1940.
*107 Defendant Lillian Parrish by answer and counterclaim stated she was seized and possessed as the owner of an undivided half interest in the described real estate, being her (election) dower as the widow of Charles H. Parrish. She further alleged that she had been appointed administratrix of the estate of Charles H. Parrish, deceased; and that she, as a widow, had been granted statutory allowances in the sum of $1200 by the Probate Court of St. Louis County. Defendant Lillian by counterclaim prayed for a judgment ascertaining and determining title and asked that the sheriff's deed, Leona Shoop grantee, be set aside on the stated ground the consideration was so grossly inadequate as to shock the conscience and to constitute fraud. Lillian Parrish, administratrix of the estate of Charles H. Parrish, and John L. Mahoney and Clarence F. Mittler were added party defendants. Defendant Lillian by crossclaim sought the further relief of the cancellation of a deed of trust dated August 23, 1948, purportedly securing the payment of $4500, executed by plaintiffs as grantors to defendant Mahoney, trustee for defendant Mittler, beneficiary.
By its judgment and decree the trial court set aside and cancelled the sheriff's deed, and the deed of trust; and determined that defendant Lillian was the owner in fee simple of an undivided half interest in the described land, and that the heirs of Charles H. Parrish were the owners in fee simple of the other undivided half interestall free and clear of the lien of the deed of trust.
Herein appellants contend the trial court erred in finding defendant Lillian Parrish was the owner of an undivided half interest in the described real property. Appellants assert that defendant Lillian's deceased husband had no title to the described real estate at the time of his death; and that the right of action to set aside a sale because of inadequacy of consideration was a personal right in Charles H. Parrish which had not survived in Lillian. Appellants urge the only interest defendant Lillian had, at the time of the sheriff's sale in 1940, was an inchoate right of dower, and she did not have such an interest in the property at that time which would have entitled her to maintain an action in her own behalf. And appellants say defendant-appellant Mittler was a bona fide holder of the note secured by the deed of trust and without notice of any defect in the plaintiffs' title.
Defendant-respondent Lillian contends that, as a widow, she may maintain an action and a court of equity has jurisdiction of an action to set aside the conveyances fraudulent as to her. Defendant-respondent further says that, even though the trial court may have gone too far in its decree in determining title to an undivided half interest to be in the heirs of Charles H. Parrish, still this does not result "in eliminating or cutting down" the share of the widow as defined by the trial court's judgment and decree and for which she had asserted her claim. And defendant-respondent Lillian further contends the evidence shows defendant Mittler had notice of the defect in the title of plaintiffs, grantors in the deed of trust, and the trial court appropriately declared her interest to be free and clear of the encumbrance.
It was admitted by the parties that the described real estate was owned by Charles H. Parrish in his lifetime; that Charles H. Parrish had acquired title in 1927; that defendant Lillian since marriage in 1902 was the wife of Charles; that Charles and Lillian resided on the property until the death of Charles; that Charles died intestate December 23, 1946, leaving no surviving children or other descendants; that an action had been instituted in 1932 against Charles to recover delinquent sewer taxes and penalties in total amount of $10.12, and subsequently a judgment was rendered and the property was sold by the sheriff for the sum of $37.50; that the sheriff executed his deed of April 5, 1940 to Leona Shoop, the purchaser (the sheriff's deed was recorded August 20, 1948); that the approximate value of the property was then $3500; and that the record title became vested in the plaintiffs by mesne conveyances from Leona Shoop as followsLeona Gibson (nee Shoop) to Charles M. Brockmann by quitclaim deed dated August 14, 1948; Charles M. Brockmann to Herman Kronsbein *108 by quitclaim deed August 16, 1948; and Herman Kronsbein to plaintiffs Hart and Jones as joint tenants by quitclaim deed dated August 20, 1948. The deed of trust made by plaintiffs to the defendant Mahoney, trustee for defendant Mittler, was dated August 23, 1948.
After the death of her husband December 23, 1946, defendant Lillian continued in the possession of the described real estate and was (at the time of trial) in possession. She was appointed administratrix of the estate of her deceased husband on February 8, 1949, and, as a widow, filed her election, February 16, 1949, to take one half of her husband's real estate, Section 469.090, R.S.1949. The Probate Court of St. Louis County made a further order, February 16, 1949, granting her $1200 as her statutory allowances, Section 462.450, R.S.1949, of which no part has been paid. There was no personalty in the estate of Charles H. Parrish, and in his lifetime and during his marriage he had owned no real estate other than the described real property involved herein.
Defendant-respondent Lillian had an inchoate dower interest in the described property in 1940 when the property was sold by the sheriff, inasmuch as her husband was seized of an estate of inheritance therein during the marriage. Section 469.010, R.S.1949.
The right of the widow to maintain an action to recover and protect her marital rights including her dower has been long recognized. Merz v. Tower Grove Bank & Trust Co., 344 Mo. 1150, 130 S.W.2d 611; Kober v. Kober, 324 Mo. 379, 23 S.W.2d 149; Rice v. Waddill, 168 Mo. 99, 67 S.W. 605; Newton v. Newton, 162 Mo. 173, 61 S.W. 881; Stone v. Stone, 18 Mo. 389; Davis v. Davis, 5 Mo. 183. A wife may maintain an action even in her husband's lifetime to set aside the husband's conveyance fraudulent as to her, and recover the property so transferred to the extent of her interest therein. Smith v. Holdoway Const. Co., 344 Mo. 862, 129 S.W.2d 894; Kober v. Kober, supra. Inchoate dower is a valuable right or interest of the wife; it has the attributes of property, real property; it is a legal estate in expectancy, a right to the future enjoyment of an estate, contingent upon the happening of an uncertain event. Kober v. Kober, supra. Coexistent with her right of common law dower which was consummate upon the husband's death, and as a statutory substitute therefor upon his death, defendant-respondent Lillian, then the widow of a childless husband, had a right to elect to receive one half of the estate "belonging to the husband at the time of his death". Section 469.090, supra; Klocke v. Klocke, 276 Mo. 572, 208 S.W. 825. After the husband's death, a widow does not ratify a conveyance fraudulent as to her by electing to receive as a substitute for her common law dower "one-half of the real and personal estate belonging to the husband at the time of his death," as provided in Section 469.090, supra. Newton v. Newton, supra. In the instant case the husband's property had been conveyed in 1940 by a sheriff's deed allegedly fraudulent. Now if the sheriff's sale and conveyance was for a consideration so grossly inadequate as to constitute fraud, as alleged, the fraud affected not only the husband's property but also the property of the wife. The fraud deprived her of her right to elect to take the half of the husband's real estate which did not belong but which, had there been no fraud, would have belonged to the husband at the time of his death. "The chancery commands the right to remain where it should have been till all the purposes of justice are accomplished." Davis v. Davis, supra.
While the right of "election" dower as provided by Section 469.090, supra, may exist independently of the right of common law dower as recognized and declared by Section 469.010, supra, we cannot escape the observation that what the widow takes by election under Section 469.090, supra, is neither more nor less than dower. Klocke v. Klocke, supra; Newton v. Newton, supra. By seeking to set aside the conveyance to the extent of her marital rights on the ground of fraud, defendant-respondent Lillian only sought to recover her own. Our case differs from the case of Hornsey v. Casey, 21 Mo. 545, in which latter case no element of fraud was alleged and shown.
*109 Appellants have not centended that the sum of $37.50 was an adequate consideration for a property of the fair market value of $3500. A bid at the sale and a consideration in such amount for a property of such value was so grossly inadequate as to shock the conscience, and justified setting aside the sale and the cancellation of the sheriff's conveyance on the ground of fraud. Bussen Realty Co. v. Benson, 349 Mo. 58, 159 S.W.2d 813; J. C. Nichols Inv. Co. v. Roorbach, Mo.Sup., 162 S.W.2d 274; Johnson v. McAboy, 350 Mo. 1086, 169 S.W.2d 932; Heagerty v. Hawkins, Mo.Sup., 173 S.W.2d 923; Strohm v. Boden, 359 Mo. 573, 222 S.W.2d 772; King v. Fasching, Mo.Sup., 234 S.W.2d 549.
Although a conveyance may be voidable for fraud in the hands of a grantee, if he has given a mortgage on the property to one who advances money in good faith and without notice of the fraud, the claim of fraud may not be set up against the mortgagee. The relief of cancellation will not be granted against a bona fide purchaser for value and without notice of the fraud or other ground of cancellation. The rule is otherwise, if knowledge of the fraud can be brought home to the mortgagee. Murphy v. Butler County, 352 Mo. 1082, 180 S.W.2d 732; Smith v. Holdoway Const. Co., supra; Morris v. Hanssen, 336 Mo. 169, 78 S.W.2d 87; Hunter v. Hunter, 327 Mo. 817, 39 S.W.2d 359; 59 C.J.S., Mortgages, § 234, p. 304.
When the deed of trust was executed August 23, 1948, defendant-appellant Mittler, beneficiary in the deed of trust, had constructive notice of the sheriff's deed priorly recorded August 20, 1948. Section 442.390, R.S.1949. The recorded deed recited the consideration of $37.50. The described property was admittedly of the fair market value of $3500. Defendant-appellant Mittler had inspected the property sometime in July 1948. He testified, "I know property when I see it." Mittler testified he had made the loan to plaintiffs on August 14th, at which time he "didn't know who owned" the property. He said, "When you make a loan to a man who is a friend of yours, you loan him money on his own face, if necessary." Defendant-appellant Mittler testified he was depending on plaintiff Hart's "knowledge of this transaction," and upon Hart's judgment as to the title. Plaintiff Hart was familiar with property and knew defendant-respondent Lillian Parrish, widow of Charles H. Parrish, was in possession, "living on the property." In these circumstances, it should not be held Mittler had no notice of the fraud upon which defendant Lillian has relied for cancellation.
The heirs of Charles H. Parrish were not parties to the action. There was no prayer for the affirmative relief of an adjudication of title in the heirs of Charles, although the trial court undertook to grant such relief. The defendant Lillian in stating her claim for the recovery of her marital rights of dower and statutory allowances asked for the cancellation of the sheriff's deed and the deed of trust, and prayed for an adjudication of title as between plaintiffs and defendants, parties to the action. Since the heirs were not parties to the action, defendant-respondent Lillian, in asserting her claim, could only affect title by establishing her own interest in the property. The trial court's judgment and decree should have been limited by the issues made out by the pleadings as between the parties to the action. In this respect the trial court's judgment and decree should be modified. Friedel v. Bailey, 329 Mo. 22, 44 S.W.2d 9; 30 C.J.S., Equity, § 601, p. 991, § 604, pp. 996-997.
As modified, the judgment and decree should be affirmed.
It is so ordered.
LOZIER and COIL, CC., concur.
PER CURIUM.
The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.
All of the Judges concur.