257 S.W.2d 621 (1953)
RESCH
v.
ROWLAND et al.
No. 43227.
Supreme Court of Missouri, Division No. 2.
May 11, 1953.
*622 Harvey Burrus, Independence, Charles V. Garnett, Kansas City, for appellants.
Robert M. Murray, Kansas City, for respondent.
BOHLING, Commissioner.
Elizabeth Resch, the widow of William Frederick Resch, instituted this suit in equity to set aside and declare null and void two warranty deeds conveying the title to certain described real estate situated in Independence, Jackson County, Missouri, "in so far as" said deeds purported to convey absolute title to said real estate and defeat plaintiff's inchoate right of dower therein, and that plaintiff be adjudged entitled to dower in said property as of the date of the death of William Frederick Resch. The deeds, as hereinafter set forth, placed the title to the real estate in the four sons by a prior marriage of William F. Resch. The decree was for the plaintiff. The sons of Mr. Resch appeal and contend the decree was for the wrong party.
Plaintiff and William F. Resch were married December 19, 1934, and thereafter lived as husband and wife until his death on December 6, 1950.
On April 9, 1945, Ethel B. Rowland and Henry Russell Rowland, husband and wife, as "sellers," and William F. Resch, as "buyer," contracted in writing for the sale and purchase of the real estate in question, an apartment house, for $14,000 cash; $500 was paid down and $13,500 was to be paid on the delivery of the deed. The "sellers" covenanted, among other things, *623 "to give possession on or before 30 days," and to "deliver to the buyer" a properly executed general warranty deed conveying the fee simple title in said property.
On April 21, 1945, Mr. and Mrs. Rowland executed a warranty deed conveying the real estate to Marie Armour, a single woman. On the same day Marie Armour executed a deed of trust on the real estate to Howard W. Kelly, as trustee for John J. Mathews, to secure her note of $1,500 of even date.
Also, on said April 21, 1945, Marie Armour conveyed the real estate by warranty deed to Vernon C. Resch, Niles Franklin Resch, Gordon Lee Resch and Gerald Elmer Resch (defendants-appellants here), which said deed was made subject to the above deed of trust for $1,500 and a life estate in said real estate in William F. Resch.
All of the foregoing instruments were recorded April 23, 1945.
The transactions were closed in the office of Edmund C. Harrington, a real estate agent who represented William F. Resch. Mr. Harrington prepared the deed from Mr. and Mrs. Rowland to Miss Armour, Miss Armour's deed of trust and the deed from Miss Armour to Mr. Resch's sons. He testified that Mr. Resch did not have the $13,500 due on the purchase price and he, the witness, arranged for a loan of $1,500 to Mr. Resch; and that the only reason he prepared the instruments as they were prepared was because William F. Resch instructed him to make them out that way.
William F. Resch paid $12,000 cash on the $13,500 balance, and Mrs. Rowland testified that he later paid the $1,500 Marie Armour secured note.
Marie Armour acted as a "straw party" for Mr. Harrington in different transactions. She testified that she acted as a "straw party" in this transaction as an accommodation for Mr. Harrington, executing the note and deed of trust and the deed to the sons of William F. Resch; that she relied upon him to have her do nothing wrong; that she did not know the contents of the deed she signed; that when she executed the papers the other parties had left and only Mr. Harrington and she were in the office, and that she talked to no other party and did not ask any questions.
Mr. and Mrs. Rowland each testified to the following effect. They sold the property to William F. Resch, and each was under the impression that they were executing a deed to him for the property and did not know that Marie Armour was named as their grantee in the deed until after this suit was filed. Mrs. Rowland testified that Mr. Harrington, Mrs. Julia Lee, their agent, J. Stanley Kelly, their attorney, and Mr. Resch were present in Mr. Harrington's office when they executed their deed; that when they, the Rowlands, arrived the papers were presented to them to sign, and that there was no question that William F. Resch purchased the property from them and paid them the $14,000.
Plaintiff was not a party to the contract between the Rowlands and her husband. She testified that on two occasions prior to the contract she went with her husband to see the Rowland property; that she knew the Rowlands contracted to deed the property to her husband; that her husband did not have the cash to meet the $13,500 balance due; that they discussed this situation and in order to raise the $13,500 cash her husband sold his one-fifth interest in certain real estate, which he and his four brothers owned, to his brothers, her understanding being that her husband was to receive $13,500 for his interest; that she joined her husband in the deed conveying said property to his brothers. Said deed is dated April 20, 1945, the day before the Rowlands' deed. She also testified that she and her husband never discussed how the title to the Rowland property was to be taken; that she did not know the Rowlands were conveying to anyone other than her husband; that she was not present when the purchase was concluded and had no knowledge of the execution of the deed from the Rowlands to Marie Armour, or Marie Armour's $1,500 deed of trust, or Marie Armour's deed to the defendants until after the death of her husband.
*624 William F. Resch took possession of the Rowland apartment May 9 or 12, 1945, and managed and operated it until his death.
Mr. Resch also owned real estate on Highway 24 throughout his married life with plaintiff. Defendants offered testimony that, after hearing the will of Mr. Resch read, plaintiff said: "Well, I don't understand how that could be. The agreement with my husband was that I was to have the 24 Highway house and the boys were to have the apartment house." Plaintiff denied ever making the statement, and testified that she had no agreement with her husband about the property.
The will of Mr. Resch, which was duly probated, devised to plaintiff only a onefifth interest in his property on Highway 24; and plaintiff, on May 14, 1951, filed her renunciation of said will.
Plaintiff never relinquished her dower in the property here involved.
Our statutes provide:
"Every widow shall be endowed of the third part of all the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance, at any time during the marriage, to which she shall not have relinquished her right of dower, in the manner prescribed by law, to hold and enjoy during her natural life. * * *" Section 469.010 RSMo 1949, V.A.M.S.
"No act, deed or conveyance, executed or performed by the husband without the assent of the wife, evidenced by her acknowledgment thereof, in the manner required by law to pass the estate of married women, * * * shall prejudice the right and interest of the wife provided in this chapter." Section 469.190, Id.
Defendants argue that a husband has the right to use his personal property to purchase real estate for another, and where he takes the title in the name of another, then absent circumstances showing that the husband acted in fraud of the rights of the wife, there is no dower, citing 28 C.J.S., Dower, § 32, page 95, notes 36-38; that the fact that title was conveyed to a stranger and by the stranger to the husband's sons does not alter the fact that the conveyance was made to the sons as one transaction, admitting that the stranger was a dry trustee but contending she held in trust for the sons, Fontaine v. Boatmen's Savings Institution, 57 Mo. 552, 558; and that the husband's possession, the deed to the sons being subject to a life estate in the husband, was not the seisin of an estate subject to dower. Defendants also say that plaintiff was not fraudulently deprived of dower. Farmers & Merchants Bank of Festus v. Funk, 338 Mo. 508, 92 S.W.2d 587, 589(1, 2); La Rue v. La Rue, 317 Mo. 207, 294 S.W. 723, 726(6).
We do not agree with defendants' conclusion that the husband never had seisin of an estate subject to dower. If he had such seisin, plaintiff never parted with her dower and no act of her husband alone could defeat her interest. § 469.190, supra; In re Bernay's Estate, 344 Mo. 135, 126 S. W.2d 209, 214[4], 122 A.L.R. 169; Blevins v. Smith, 104 Mo. 583, 589, 16 S.W. 213, 214, 13 L.R.A. 441; Chrisman v. Linderman, 202 Mo. 605, 613(II, III), 100 S.W. 1090, 1092(2, 3), 10 L.R.A.,N.S., 1205; 2 Limbaugh, Probate Courts, 42. Section 469.050, Id., states the widow may have dower although the husband never had actual possession of the land.
Dower depends upon the character of the seisin of the husband; that is, a beneficial seisin of lands in the husband, or any other person to his use, of an estate of inheritance during coverture. § 469.010, supra. Cases under said statute are to the effect that a vendor of real estate stands seized to the use of the purchaser under a written contract to sell and convey the real estate to the purchaser upon the payment in full of the purchase price, and the inchoate dower of the purchaser's wife thereupon attaches even though the deed be not delivered and becomes dower consummate upon the husband's death if not relinquished. Howell v. Jump, 140 Mo. 441, 454(IV), 41 S.W. 976, 979; Davis v. Green, 102 Mo. 170, 179, 14 S.W. 876, 878, *625 11 L.R.A. 90; Hart v. Logan, 49 Mo. 47, 49-51; 2 Limbaugh, Probate Courts, 44, n. 81. See also Kober v. Kober, 324 Mo. 379, 23 S.W.2d 149, 152[7, 8]; Stevens v. Smith, 4 J.J.Marsh., Ky., 64, 20 Am.Dec. 205, 207.
In Davis v. Green, supra, the widow of Davis, a purchaser at a partition sale, sued to establish her dower rights. The sheriff's deed in partition was dated May 2, 1863. However, the record showed that the purchase price was paid as early as April 29, 1863, which was two days before the sheriff sold Davis' interest under an execution and six days before the deed to the execution purchaser. The court said [102 Mo. 179, 14 S.W. 878]:
"Upon this state of facts, the law is well settled that `instantly,' upon the full payment of the purchase money, Davis' equity to call for and demand a deed was `full and complete,' and that thereupon the parties to the partition proceeding `became and were seised of the legal title' in trust for Davis, and so remained until the execution of the sheriff's deed in partition to Davis, on May 2d following. If that be so, it follows that, during this interval, the parties to the partition proceedings `stood seised of an estate of inheritance to the use of Davis,' within the meaning of section 2186, supra [now § 469.010, supra]".
Fontaine v. Boatmen's Savings Institution, 57 Mo. 552, 561, the only case cited by defendants on this issue, is not in point. Mrs. Fontaine's husband never had any beneficial interest in the land. His seizure was transitory and as mere conduit for the convenience of the real parties in interest to pass the title from the owner to a third party in trust for the sole use of the owner's wife and the heirs of her body. The opinion recognizes the rule applicable here, 57 Mo. loc. cit. 559: "But wherever there is a beneficial seisin in the husband, no matter how short the time, it will be sufficient to clothe the wife with the right of dower."
In the instant case the Rowland-Resch contract provided for the conveyance of the real estate to plaintiff's husband for $14,000, the sellers covenanting to "deliver to the buyer," plaintiff's husband, a properly executed general warranty deed to the property. The Rowlands understood they were conveying the title to plaintiff's husband and did not know Marie Armour was named as grantee in their deed. When plaintiff's husband paid the balance of the purchase price by cash and Marie Armour's $1,500 note and deed of trust, the contract between the Rowlands and plaintiff's husband was complete. Under the authorities Marie Armour was seized of the fee simple title in the real estate to the use of plaintiff's husband, and subject to plaintiff's inchoate dower. The deed from Marie Armour to defendants was a separate transaction, between different parties, and was not a part of the contract under which plaintiff's husband purchased from the Rowlands.
The relationship between husband and wife involves the highest trust and confidence. Bitzenburg v. Bitzenburg, 360 Mo. 70, 226 S.W.2d 1017, 1021 [3]; Linders v. Linders, 356 Mo. 852, 204 S.W.2d 229, 232[5]. "Lord Coke says: `There be three things highly favored in law,life, liberty, and dower.'" Blevins v. Smith, 104 Mo. 583, 588(II), 16 S.W. 213(2). Courts are vigilant in preserving dower. Chrisman v. Linderman, 202 Mo. 605, 613 (II, III), 100 S.W. 1090, 1092(2, 3); Blevins v. Smith, supra.
Without restating the evidence, the transaction vesting the title in defendants was without consideration, was not in accord with that trust and confidence which should exist between a husband and wife living together, reserved an estate in the husband for life while making no provision for the wife who had released her rights in other real estate of the husband that he be able to meet the purchase price under a contract covenanting for a conveyance to the husband, was secret, was colorable and, we think, was sufficient to sustain a finding that the transaction was with intent to defraud the wife of her dower. Kober v. Kober, 324 Mo. 379, 23 S.W. 2d 149, 152[7]; Merz v. Tower Grove *626 Bank & Trust Co., 344 Mo. 1150, 130 S.W. 2d 611, 617[4-6]; Wanstrath v. Kappel, 356 Mo. 210, 201 S.W.2d 327, 329[1]; La Rue v. La Rue, 317 Mo. 207, 294 S.W. 723, 726(II).
Whether a conveyance is in fraud of the wife's dower rights depends upon the facts of the given cases. Crecelius v. Horst, 89 Mo. 356, 14 S.W. 510, holding the mere fact that a father purchases real estate and places the title in a child, subject to a life estate in himself, does not establish fraud, is distinguishable on the facts. The conveyance in question in Kober v. Kober, supra, was made in 1910 and the husband died in 1925. A conveyance does not necessarily have to be made in contemplation of death if it in fact be made to defraud the wife of her dower. The facts of the instant case are more indicative of fraud than were the facts in the Crecelius or Kober case.
Section 512.160 RSMo 1949, V.A. M.S., provides in part: "3. The appellate court shall examine the transcript on appeal and, * * * give such judgment as such court [trial court] ought to have given, as to the appellate court shall seem agreeable to law." The holding that plaintiff has dower in the real estate involved disposes of the questions presented by the parties to this litigation. However, defendants filed a cross-petition asking for a determination of the title as between plaintiff and defendants. They are entitled to a ruling thereon. See Pettus v. City of St. Louis, 362 Mo. 603, 242 S.W.2d 723, 729. The decree does not specifically dispose of the cross-petition. Accordingly, the judgment should be modified to the end that title to the real estate be adjudged in the defendants; subject, however, to the dower of plaintiff therein.
The judgment, as modified, is affirmed.
WESTHUES, and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
All concur.