SARAH TUCKER, Defendant in Error, v. BENJAMIN TUCKER *et al.*, Plaintiffs in Error.

*Evidence.*—The declarations of the maker of a deed attacked for fraud are not evidence in favor of those claiming under such deed.

*Fraud—Dower.*—Voluntary deeds in the nature of a will made with the intent to deprive a wife of her dower, would be, as to her, fraudulent and void. (S. C. 29 Mo. 350.)

*Error to Cooper Circuit Court.*

*Adams,* for plaintiffs in error.

I. The declarations of the intestate, made at the time of the execution of the deeds, were proper evidence as part of the " *res gestæ.*" They formed a part of the instructions, and were explanatory of the main fact, the intention of the testator in executing the deeds. They were verbal acts, made " *dum fervet opus,*" and, as such, are always admissible as evidence. (See 1 Phil. Ev. chap. 7, § 7, p. 231 & 232; 1 Greenl. Ev. § 108 & 109; Crowther v. Gibbons, 19 Mo. 366.)

II. The declarations of the intestate, made after the execution of the deeds, were inadmissible to affect their validity, whether introduced through conversations with the parties, or otherwise. The intestate himself would have been incompetent to impeach his own deed, and his admissions subsequent to the execution are equally inadmissible. (See 2 R. C. 1855, p. 1577, § 6; Garland v. Harrison, 17 Mo. 289.)

III. The sixth and seventh instructions given for plaintiff, assume that deeds, no matter how long before death they may have been made by the intestate, whether *in extremis* or not, are void, if intended to defeat dower.

That is not the law, as settled by this court. Such deeds, to be invalid, must be made *in extremis,* and in anticipation of death. (See S. C. 29 Mo. 350.)

IV. The first issue was defective. It was in the alternative, and the finding upon that issue amounted to nothing. (See Morris v. Morris, 28 Mo. 117.)

V. The verdict of the jury upon the second issue being in favor of the defendants, annulled the findings upon the first issue, as the two findings are utterly inconsistent with each other.

*Douglass & Hayden,* for defendants in error.

The facts of this case bring it clearly within the principle settled by the cases of Davis v. Davis, 5 Mo. 183; Stone v. Stone, 18 Mo. 389; and in this case in 29 Mo. 450.

I. The deeds read in evidence, when considered in connection with the other facts and circumstances in the case, show conclusively that their maker intended them to operate in such a manner as to defeat the right of his wife to dower in his slaves.

II. Like a will, the possession and ownership of the property remained with the donor during his life-time; and the donors were not to enjoy it until his death.

It is contended that, in cases like the present, the fraudulent intention of the donor is the only question to be tried; and whether, at the time of making the deeds, the donor was sick and weak in body and mind; or whether interested persons exercised undue influence over him, or colluded with him, and procured the making of the deeds for a fraudulent purpose, is quite immaterial. His intention is the controlling circumstance. If the deeds in question operate prospectively, like a will, and the donor intended them to operate in that manner, they ought, so far as the legal right of the wife is affected, to be regarded as a will, notwithstanding they do not possess the form of that instrument. It is not denied that the husband may dispose of his personal estate by gifts *inter vivos*, though disposed of for the express purpose of defeating the contingent right of the wife to dower in such property. Yet it is contrary to the policy of the law to permit him to dispose of such property by any act or instrument of a testamentary nature.

That the donor's intention in this case, as in the case of a formal will, is to govern in putting upon the deeds a proper construction. (Lightfoot's Ex'rs v. Colgan et al., 5 Mun. 43 & 555, and cases above referred to.)

III. The court properly excluded from the consideration of the jury the declarations of Alexander Tucker, deceased, made at the time of the execution of the deeds to the witness Gibson, that "his intention in making them was to make a provision for his children, and to divide his slaves amongst them, so that he would know to whom they would belong; and that he had no intention of defeating his wife's

right to dower in his estate; that he would have ample estate for her benefit left;" and similar declarations made to the same witness two years before the deeds were made.

Such evidence is not admissible upon any principle of law. If such declarations or statements had been put in the deeds, they would contain evidence of fraud on their face, (see Twyne's case, 1 Smith's L. C. 2,) and ought to have no better effect outside the deeds. The deeds explain themselves, and whether honestly or fraudulently made, or for what purpose made, is not to be determined by the statements or declarations of the donor made prior or subsequent to their execution. These declarations are in no sense opposed to the interest of the donor or donees; but are directly opposed to the interest of the defendant in error. That they are not admissible in evidence, see Greenl. on Ev. § 277, 279, 281.

BATES, Judge, delivered the opinion of the court.

Sarah Tucker, widow of Alexander Tucker, brought this suit against the children of Alexander Tucker, to have certain deeds of conveyance of slaves, made by Alexander Tucker to his children, declared void as to her, being in fraud of her rights of dower. The deeds were made by Alexander Tucker shortly before his death and whilst in feeble health, and he thereby retained the right to possess and use the slaves during his life.

The court below directed two issues to be tried by a jury, as follows:

1. Were the deeds, mentioned in the petition of the plaintiff, or any one of them, made to defraud the plaintiff of her dower in said slaves, or not?

2. Did the defendants collude with the deceased, or in consequence of the weak state of his mind did they exercise an undue influence and control over him, and thereby procure the making of said deeds of gift, or any one of them, in their favor, for the purpose of defrauding the plaintiff of her dower?

The jury found the first issue for the plaintiff, and the second for the defendant. Upon those findings the court

rendered judgment for the plaintiff. At the trial of those issues, a number of instructions were given to the jury, which, taken together, properly stated the law of the case. Although the verbiage of some of them is subject to criticism, yet, taken together, they fairly stated the case to the jury, and it is not thought necessary here to copy them and comment upon them.

During the trial the defendants offered to prove, by a witness, that Alexander Tucker, at the time of the execution of the deeds to his children, stated that his intention in making the deeds was to make a provision for his children, and to divide his slaves amongst them, so that he would know to whom they would belong; and that he had no intention of defeating his wife's rights of dower in his estate; and that he would have ample estate for her benefit left. The court, upon the objection of the plaintiff, excluded this testimony, of which the defendants complain as error.

The intention of the maker of the deeds was the direct subject of examination, and the presumption was (in favor of the defendants) that the deeds were honestly made, and not for the purpose of defrauding the plaintiff. We are unable to perceive how the evidence offered could have strengthened this presumption. Had the declarations been incorporated in the deeds themselves, they would have been no stronger than they were. No assertions or protestations of the maker of the deeds, of their honest intent, can be stronger than those implied in his execution of the deeds; and, therefore, his declarations were properly excluded.

Objection is here made to the form in which the issues are stated; but as no such objection was made in the court below, it will not be regarded.

Finally, it is objected, that notwithstanding the finding of the first issue for the plaintiff, judgment should have been rendered for the defendant.

We consider that point settled by this court in this case when heretofore in this court, (29 Mo. 350,) and the cases of Davis v. Davis, 5 Mo. 189, and Stone v. Stone, 18 Mo. 389.

The judgment of the court below is affirmed.