Straat v. O'Neil.

STRAAT *et al., Administrators, Appellants,* v. O'NEIL, *Executor, et al.*

1. **Dower in Personalty :** FRAUDULENT DISPOSITION OF PERSONALTY BY HUSBAND. Although by statute dower is given the wife in the personalty of her husband, yet this does not restrain the husband's power of disposition of it during his life, provided it be not done in expectation of death, with the purpose of defrauding the widow of her dower.

2. —— : —— : WIDOW'S REMEDY. In case of such fraudulent disposition the widow cannot assert her claim to the property or

money disposed of as a charge against the husband's general estate. Her relief is in equity by suit to set aside the fraudulent disposition, in so far as it affects her rights, and to charge the grantee with a trust in her favor, and to require him to make good to her, that which she would have received out of the property which the husband had transferred, if no such transfer had been made.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*J. N. Straat* and *C. S. Hayden* for appellants.

The demurrer to the petition was improperly sustained. *Davis v. Davis*, 5 Mo. 183; *Stone v. Stone*, 18 Mo. 389; *Tucker v. Tucker*, 29 Mo. 350; G. S. 1865, p. 528, sec. 1, and p. 520, sec. 4; *Turner v. Jennings*, 2 Vern. Ch. 611 and 684; *Smith v. Fellows*, 2 Atkyns 620; *Goddard v. Snow*, 1 Russell's Ch. 485; Fonblanques' Eq. 269; 5 John. ch. 482; *Littleton v. Littleton*, 1 Dev. and Bat. (N. C.) 327; *Cranson v. Cranson*, 4 Mich. 230; *Killinger v. Reidenhauer*, 6 S. & R. 531.

*James* and *Chas. S. Taussig* for respondents.

(1) The demurrer was properly sustained. When a husband, in view of approaching death, has given away a portion of personal estate with the fraudulent intent of depriving his widow of her dower or child's share therein, she is not entitled to have paid to her, out of the general estate in the hands of the administrator, the sum of which she has been deprived through the fraudulent donations of her husband. She may follow the property so disposed of and may obtain her dower out of it. *Davis v. Davis*, 5 Mo. 183; *Stone v. Stone*, 18 Mo. 389; *Tucker v. Tucker*, 29 Mo. 350; *Crecelius v. Horst*, 4 Mo. App. 419; same case, 11 Mo. App. But she cannot claim out of the general estate her dower or a child's share of property which never came to the hands of the executor or administrator of the estate. (2) Ap-

pellant's claim is barred by the statute of limitation. This is not a suit for admeasurement of dower, because the property out of which the widow claims dower is gone. If this is "an action for relief on the ground of fraud" it should have been brought within five years after the cause of action arose. R. S., sec. 3230, p. 547; *Rogers v. Brown*, 61 Mo. 181. If this is an action to recover, out of the general assets of the estate, damages sustained by Jane Doyle through the fraud of her husband, it is clearly barred. (3) There is a fatal defect of parties defendant. The trustees for the residuary legatees and the residuary legatees should have been made parties. Their estate is sought to be diminished. The debts being all paid, the administrator or executor stands in the attitude of a trustee of an express trust for the residuary legatees, who in such case should be made parties. *Green, Adm'r, v. Bell*, 3 Mo. App. 293; *Dillon, Adm'r, v. Bates*, 39 Mo. 289, 301. The will in terms makes the executor or administrator a trustee of an express trust, and, therefore, the beneficiaries were necessary parties. Joseph O'Neil was not a proper party defendant. The petition shows that he was not then executor of the estate. (4) The circuit court has no jurisdiction. If the plaintiffs were entitled to have dower admeasured in the funds remaining in the hands of the administrator, the probate court was the proper tribunal and not the circuit court.

NORTON, J.—This case is before the court on plaintiff's appeal from the judgment of the St. Louis court of appeals, affirming the action of the circuit court in sustaining a demurrer to plaintiff's petition, and rendering judgment thereon, and the only question involved is the sufficiency of the petition.

The petition in substance alleges that John Doyle, in December, 1866, in his last will, made a number of specific charitable bequests, and provided that in case he should pay off such bequests during his lifetime, such payments should be treated by his executors as full

satisfaction of the same; that said Doyle died in September, 1867, and between the time of making his will and his death, he made payments of certain of these specific bequests, amounting in the aggregate to $52,-000. It is further alleged that these bequests and payments were made for the purpose of defrauding his widow out of her dower or child's part in the sum so paid out. It further appears from the petition that the estate of said Doyle was worth about $200,000 over and above the said $52,000; that he died leaving his widow and four children; that he made no provision in his will for his widow, giving as a reason therefor that the laws of the state, made ample provision for her in his estate. It is also alleged that the estate is not yet fully administered, and there still remains in the hands of the administrator $20,000, in real and personal estate unadministered, and that plaintiffs, as administrators, representatives of the widow, are entitled to have her dower therein, to the extent of $10,400, which would have been her dower or child's part in the $52,000 given away by her husband in satisfaction of the specific bequests in his will.

It was said in the case of *McLaughlin v. McLaughlin*, 16 Mo. 242, "that our statute only endows the widow of personalty, belonging to the husband at the time of his death. Hence any disposition he may make of his chattels during his life, a gift or any disposition to prevent the wife's dower attaching, if made during his life, will defeat the dower." And in the case of *Stone v. Stone*, 18 Mo. 389, the opinion being delivered by Judge Scott, who also delivered the opinion in the case of *McLaughlin v. McLaughlin*, it is said: "Although dower is given in personal estate by our statute, yet it was not thereby intended to restrain the husband's absolute control of it during his life, to give and dispose of it as he wills; provided it be not done in expectation of death with a view to defeat the widow's dower. The husband

may do as he pleases with his personal property, subject to this restriction. After the enjoyment of the property in the most absolute manner, during almost his entire life, the law will not permit him, at the approach of death, and with a view to defeat his wife's right of dower, to give it away. If such a disposition was allowed, the efficacy of the statute conferring dower in personalty would depend on the whim or caprice of the husband."

This case was followed in the cases of *Tucker v. Tucker*, 29 Mo. 350, and *Tucker v. Tucker*, 32 Mo. 464, and the same doctrine had been announced in the case of *Davis v. Davis*, 5 Mo. 183. The gifts and conveyances in these cases were held to be void as against the widow; and her right to dower, in the property so disposed of, was recognized. The demurrer in the case before us admits that Doyle, in his lifetime, did, in anticipation of death, give away $52,-000 of his property, for the purpose of preventing his widow from having dower therein, thus bringing her case within the principle announced in the cases above cited, and establishing her right to be endowed in the property thus given away. But this suit is not of that character. The plaintiffs are not pursuing the $52,000 given away and in the hands of the donees, who are not made parties, but the claim set up in the petition is that the widow is entitled to have $10,400, the amount of her dower in the $52,000 thus disposed, paid out of the $200,000 of property of the general estate unadministered, and her representatives in this suit ask this to be done, without making the residuary legatees parties, who, under the will, would be entitled to this fund, and without showing that pursuit of the $52,000 in the hands of the donees, would be unavailable. We have been unable to find any authority giving sanction to such a proceeding, and the reasoning of counsel to establish the proposition that in apportioning or ascertaining the

widow's dower in money or property that it is only estimated, and that she has no right in any particular fund, is (inasmuch as she takes as to the personal property after debts are paid, in the distribution thereof, an equal share with the children), overthrown by sections 246, 247, and 249 of the Revised Statutes.

In the cases above cited the property given away or conveyed by the husband was pursued in the hands of the donees. This is not attempted to be done in this case, and we may say of it as was said by Judge Thompson in the opinion of the court of appeals, that: "The only relief which courts of equity have ever granted in such cases, has been to set aside the fraudulent conveyance in so far as it affects the rights of the widow; to charge fraudulent grantee or donee with a trust in her favor, and to require him to make good to her that which she would have received out of the property which the husband had thus conveyed or given away, if no such gift or conveyance had been made. There is no principle of equity which will allow the money or property, of which the widow has been thus deprived through the fraud of the husband in his lifetime, to be charged against his general estate after his death. The widow cannot pass by the fraudulent donees or grantees of her husband, and allow them to keep the money of which his fraud, in which they have participated and of which they are the beneficiaries, has deprived her, and at the same time claim that a court of equity should enable her to put her hands in the pocket of some one else, and take therefrom what she has thus lost."

For the reasons herein given, the judgment of the court of appeals is affirmed, in which all concur.