IN RE ESTATE OF LENA CARLIN, DECEASED; EFFIE J. BACON, ADMINISTRATRIX, APPELLANT, v. H. V. DEARMOND, EXCEPTOR, RESPONDENT.—47 S. W. (2d) 213.

Kansas City Court of Appeals. December 7, 1931.

*Irwin & Bushman* for appellant.

*Ira H. Lohman* and *Sam S. Haley* for respondent.

BOYER, C.—This proceeding arose upon exceptions filed by respondent to the final settlement of appellant as administratrix of the estate of Lena Carlin. The probate judge ·was disqualified and cer-

tified the case to the circuit court under section 2053, Revised Statutes 1929. The objections to the final settlement were directed to fifty-one specified items of disbursement for which the administratrix had claimed credit. All of said objections were overruled and denied except an item of $210, paid out in distribution, and items aggregating $1250, paid attorneys for the administratrix, together with the sum of $336.70, disbursed by her for the cost of a bill of exceptions and printing abstract and briefs in an appealed case. The administratrix was charged with these sums and was allowed credit in the sum of $400, for attorneys' fees in the present proceeding and for services in making final settlement and other services to the estate. From the judgment of the circuit court based upon such finding the administratrix duly appealed and respondent did not appeal. The inquiry, therefore, upon this appeal will be limited to the propriety of the judgment rendered against the administratrix, and a statement of pertinent facts disclosed by the record is the following.

Lena Carlin died intestate April 21, 1924, and letters of administration were issued to Effie J. Bacon, appellant, April 24, 1924; said letters were issued upon request of sisters, a brother, and children of a deceased brother, the nearest of kin known at the time. Publication of letters was made within ten days and the administration proceeded. The inventory and appraisement showed personalty of the value of $4516.29, and real estate of the value of $13,500. Inheritance tax was assessed and paid, and the administratrix continued in the collection of assets and payment of demands and by written request of the known heirs took possession of the real estate which she repaired from time to time and rented and collected rents when she could, which were commingled in her account as administratrix. This process continued until more than one year had elapsed, and upon the eve of final settlement and distribution one DeArmond, the respondent herein, appeared and on May 4, 1925, filed a suit in the circuit court against the administratrix and all the collateral heirs of Lena Carlin. The petition in said suit alleged that DeArmond was the adopted son and only heir at law of the said Lena Carlin and the owner of and entitled to all of the property of which she died seized, and a judgment was sought to that effect. The administratrix employed legal counsel and filed her separate answer which raised an issue upon the decisive facts alleged in the petition. It does not appear that any other defendant to that suit filed answer thereto. The contest was hot and prolonged and resulted in a judgment which found and decreed that the deceased and her husband had entered into an oral contract of adoption; that said contract had been performed, and that DeArmond was in fact the adopted son of the deceased who died intestate without issue of her body, and that he was her sole heir and entitled to the whole of her estate remaining for distribution upon final settlement,

after payment of lawful claims and the costs of administration. The administratrix appealed to the Supreme Court where the judgment was affirmed. [Carlin v. Bacon, 16 S. W. (2d) 46.]

During the pendency of this litigation the administratrix had incurred and paid attorneys' fees in a total sum of $1250 for services therein and for all other services to the estate, and also the expenses incident to the appeal, all of which were disallowed to her in the judgment now under review.

In reference to the different items of attorneys' fees paid, the record contains evidence that one item of $250 was allowed by the probate court and paid November 12, 1925. The final settlement shows this sum in two items of $125, each paid to two of the attorneys of the administratrix. The record also shows that attorneys for the administratrix filed a claim for legal services rendered in the De-Armond case for the sum of $600; that the probate judge certified that the sum was allowed April 8, 1926, and this claim was paid by the administratrix on the same day. Later, October 29, 1928, the administratrix paid to her attorneys the further sum of $400 for services in the same law suit. There was no motion or claim filed for this allowance and there was no order of allowance for this sum made by the probate court. One item of $101.25, had been allowed and authorized to be paid the court stenographer for the bill of exceptions in the appeal to the Supreme Court. The remainder of the expenses of appeal were paid by the administratrix without allowance.

On March 28, 1925, the administratrix made distribution of $210 among seven collateral heirs. This money was derived from the collection of rent upon real estate. She states that she did not know what to do with it; that she asked the probate judge who told her that the money belonged to the heirs and to give it to them. There is no claim that there was any order for partial distribution.

### OPINION.

The opinion will be limited to errors assigned by appellant, and the propriety of the judgment in so far as it is against the interest of the exceptor will not be questioned. [Turner v. Hine, 297 Mo. 1. c. 160.] There is no cross-appeal and respondent will not be heard to complain of alleged errors not called to the attention of the trial court by motion for a new trial and to this court by proper appeal. The rule applies equally to an action in equity and to a suit at law. [Waters v. Gallemore, 41 S. W. (2d) 870, 872, and cases cited.] The only questions before us pertain to the propriety of the judgment of the trial court in so far as it surcharged the settlement of the administratrix with the items of $210 distributed; $850 paid in attorneys' fees, and $336.70 paid in expenses of appeal, and as to how the final account should be stated.

The administratrix claimed credit in her final settlement for advancements or partial distribution in the sum of $30 each to seven named distributees. These payments were made to the collateral heirs March 28, 1925, and within a period of one year after the issuance of letters and without any order of court for distribution and at a time when the administratrix was under no obligation to distribute the assets. The period for the proof of debts had not expired. The administratrix could not have been compelled at that time to make distribution in the absence of a refunding bond from the distributees. Such bond could be waived at the risk of the administratrix upon distribution, but when such waiver is made it is at the risk of the party waiving it. [Sec. 237, R. S. 1929.] Verbal direction from the judge of the probate court, if any such was given, would be of no avail to justify a distribution. The administratrix could have sought and no doubt obtained an order of court for partial distribution and such order in the absence of a timely appeal would have become a final judgment. [Peper v. Bell, 286 Mo. 126, 226 S. W. 550.] Such order was not obtained and the administratrix made the distribution at her own hazard. She was not required or compelled to make it at the time and did so without any legal authority. The fact that the administratrix was not aware of any claim on behalf of respondent does not protect her. The assets were in her hands as trustee for the lawful owner, and if she could legally, on her own motion, distribute a part of the assets to supposed owners, she could have distributed all of them. Appellant contends in reference to this item that all debts had been paid, the estate collected, and that it was the duty of the administratrix to distribute with or without an order of court. In the light of the facts the contention is without foundation. The estate had not been fully administered; the time for final settlement had not arrived, and it was not her duty to distribute and no distributee at that time could have compelled distribution. The authority relied upon by appellant on this point, Clarke v. Sinks, 144 Mo. l. c. 453, does not apply. Under the circumstances in this case the true owner of the estate was entitled to receive it from the trustee who had charge of it and should not be remitted to his remedies, if any, against the distributees. The judgment of the circuit court upon this item was right and the point is ruled against appellant.

But the learned trial court erred in its judgment in denying credit to the administratrix for attorney fees and expenses incident to the litigation instituted by DeArmond. The claim involved in the suit was that of sole owner of the entire estate, both real and personal. The administratrix as such was made a party, summons was served upon her, and she was in duty bound to defend, and it appears that she was in fact the only party who did defend. She was possessed

of a personal estate which had descended to her as administratrix and which she held as trustee for the legal owner; she was a necessary party to the suit. [Eisiminger v. Stanton, 129 Mo. App. 1. c. 412.] She had no personal interest in the estate and claimed none as an individual. It was to the benefit and to the interest of the estate that the true ownership thereof be determined. Under the circumstances revealed by the record the administratrix clearly would have been derelict in her duty if she had not defended against the claim of an apparent stranger, so far as she knew, who based his claim to the entire estate upon an oral agreement made by the deceased. Respondent suggests that the position of the administratrix should have been neutral, and insists that the defense of the title to real estate belonged only to the heirs. Such suggestion and insistence are without influence under the circumstances of the case at bar. The law suit did not merely involve title to real estate, but title to the personalty as well which was then in the administratrix. She was justified in defending said suit to the court of last resort at the expense of the estate. This is evident as revealed by the facts developed in the progress of the trial and as revealed by DeArmond's petition. She should not be required to defend at her own personal expense. There is no evidence, nor a suggestion of evidence, of bad faith upon her part or of her attorneys, and when an administrator in good faith and in the exercise of ordinary prudence employs legal counsel to defend such an action, and the attorneys in good faith and with reasonable care, skill, and judgment perform such duty, then in law the whole matter is for the benefit of the estate. Good faith and reasonable care and not the result of the litigation is the test. [Dooley v. Welch, Admr., 172 Mo. App. 1. c. 535, 536; Scudder v. Ames, 142 Mo. 1. c. 243; Greenwood v. Zausch, 190 Mo. App. 1. c. 644; 24 C. J., sec. 539, p. 102.]

Section 94, Revised Statutes 1929, requires an administrator to defend all actions brought against him, and section 221, Revised Statutes 1929, provides that in all settlements of administrators the court shall allow all reasonable charges for legal fees and services. Furthermore, sufficient appears from the record to show that attorneys' fees in the sum of $850, which were disallowed upon the hearing of exceptions, had been presented and allowed in the probate court and paid in pursuance of such allowance, $250 on November 12, 1925, and $600 April 8, 1926. These allowances in the absence of a timely appeal became final judgments. They were allowed for the expenses of administration from which an appeal would lie. [Sec. 284, R. S. 1929.] There was no appeal and no murmur of objection until the exceptions to the final settlement were filed December 9, 1929. We see no reason why the allowance of the probate court of the two items named should not be given

the full force and effect of a judgment. [State ex rel. v. Calhoun, 219 Mo. App. 482, 486, 279 S. W. l. c. 189; State ex rel. v. Walsh, 67 Mo. App. l. c. 354.] However, in event said claims were not reduced to judgment, proper charges for legal services not incurred by the deceased, but arising by reason of and in course of the administration could and should be adjusted and allowed at the final settlement, upon proper request, without the necessity of any previous allowance. Such claims are not *demands* referred to in the statute which require formal presentation by sworn statement to the correctness of the demand and that all just credits and setoffs have been given. Attorneys' fees are expenses of administration and need not be legally exhibited as other demands and, if reasonable, must be allowed. [Crow v. Lutz, 175 Mo. App. 427; Thompson v. Thompson, 217 S. W. l. c. 864.] There is no contention that the amount of fees allowed by the probate court was excessive and the evidence shows that the amount was quite reasonable.

It follows that if the administratrix was entitled to defend litigation at the expense of the estate and to pay attorneys therefor, she would also be entitled to credit for all necessary and incidental expenses required to be incurred in the prosecution of such defense. This would include the procurement of a bill of exceptions and printing bills for record and briefs. We are clearly of opinion that these items were properly payable out of the assets of the estate and from every equitable consideration the administratrix should have credit for them.

The judgment of the circuit court finds that the administratrix had on hand, as shown by her final settlement, $425.62. Appellant makes no complaint of this finding. In addition, the administratrix should be charged with the sum of $210 illegally disbursed. She should be given credit in her final settlement for the sum of $850 paid as attorneys' fees, together with the sum of $336.70 paid as incidental expenses of litigation. The judgment of the circuit court denied credit of one item for fees in the sum of $400, but allowed a credit of $400 for legal services to the estate in the trial upon the exceptions to the settlement and for services in making settlement of the estate, and for other services. This part of the judgment should be given effect and the administratrix should further be allowed whatever sum the court finds would be a reasonable amount to compensate her attorneys for services incident to this appeal. An administrator is entitled to a reasonable allowance for legal services rendered in the defense of his final settlement, and such allowance is eminently proper where the administrator is successful in such defense. [In re Estate of Meeker, 45 Mo. App. 186; Loud v. Union Trust Co., 313 Mo. l. c. 615; Jacobs v. Jacobs, 99 Mo. 427.] The errors are indicated. The judgment should be otherwise affirmed

and the account stated accordingly. The result of the judgment of the circuit court was that the administratrix had on hand for distribution the sum of $1822.32 from which should be paid court cost in the sum of $14.80, leaving the balance $1807.52, which was ordered paid to the exceptor. The result of our conclusions upon the various items in question is that from the last named sum there should be deducted $850 attorneys' fees paid in defense of the De-Armond suit and $336.70 expense of litigation, and whatever reasonable sum the court may allow the administratrix for legal services in this appeal. The remainder after payment of other court cost, if any, should be distributed to the owner. Accordingly, the judgment should be affirmed in part, reversed in part, and the cause remanded with direction to the trial court to enter a judgment in conformity with the views herein expressed and certify same to the probate court. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed in part, reversed in part, and the cause remanded with direction to the trial court to enter judgment in accordance with the views therein expressed. All concur.