Gertrude Wanstrath v. John C. Kappel, Jr., et al., Defendants, George B. Wanstrath, Appellant.—No. 39338.—190 S. W. (2d) 241.

Division One, November 5, 1945.

*Lashly, Lashly, Miller & Clifford* for appellant George B. Wanstrath.

*Daniel Bartlett* and *Thomas F. Muldoon* for respondent.

CLARK, J.—This is an appeal by George B. Wanstrath from an order of the circuit court striking from the files his answer and cross bill and dismissing him as a party defendant in an equity suit brought by Gertrude Wanstrath.

Plaintiff alleged that she is the widow of George J. Wanstrath who died testate in 1943, leaving as his only heirs a son and daughter by a former marriage, the son being appellant George B. Wanstrath. That a few months before his death George J. Wanstrath, in contemplation of impending death, executed a trust indenture purporting to convey most of his personal property. That same was executed without consideration, without her knowledge and consent and with the fraudulent intent to deprive her of a child's share, to wit, one-third of her husband's personal estate. She named as defendants the trustees and beneficiaries in the trust, the executors of the will of George J. Wanstrath and also the appellant, George B. Wanstrath, who was not a beneficiary in the trust and who was disinherited by the will. Her petition asked that the trust be set aside as to her and she be adjudged the owner of one-third of the property covered by the trust indenture subject to one-third of the debts of the estate.

The various defendants filed answers, the answer and cross bill of appellant, George B. Wanstrath, alleging that the trust indenture is void as to the plaintiff, and for other reasons is void in toto. His cross bill asks that the will be construed to be inoperative as to the trust property, that the court set aside the trust and award him a one-third interest as an heir of his father.

Plaintiff first filed a motion to strike from appellant's cross bill the allegations relating to a construction of the will and purporting to show that appellant has an interest in the trust property. The court sustained the motion. Then plaintiff moved to strike out the entire cross bill of appellant and to dismiss the suit as to him on the ground that the remaining portions of his cross bill stated no grounds for relief, affirmative or otherwise, and for the further reason that appellant had filed a separate action seeking the same relief as in his original cross bill. From an order sustaining this motion George B. Wanstrath has appealed.

All the foregoing matters occurred prior to January 1, 1945, and are not governed by the new Code of Civil Procedure. [Session Acts 1943, p. 357, sec. 3.]

Respondent argues that appellant's appeal is premature and was improperly allowed, citing Conrath v. Houchin, 226 Mo. App. 261, 34 S. W. (2d) 190; Ray v. Missouri Christian College (Mo. App.), 93 S. W. (2d) 1030, and Ford v. Ford (Mo.), 24 S. W. (2d) 990.

Those cases and many others hold that there can be no appeal from a judgment unless it finally determines the issues as to all the parties.

Undoubtedly that is the general rule in Missouri, but it is not applicable here for the following reasons. Appellant's cross bill was not a defense to plaintiff's petition nor did it seek any relief against her. It conceded that plaintiff is entitled to a one-third interest in the trust property for the reasons stated in her petition. Then it alleges that, for different reasons, the trust is void in toto and appellant is entitled to another and different one-third interest. Thus, the cross bill purports to set up a new cause of action, not against plaintiff, but against appellant's co-defendants. Therefore, if the cross bill was a proper pleading at the time it was filed, the order striking it from the files was a final, appealable judgment as to appellant and all other parties to the suit. [Hyer v. Baker (Mo.), 130 S. W. (2d) 516.]

It remains for us to determine whether the cross bill was a proper pleading prior to the effective date of our new Code of Civil Procedure.

On this point appellant cites the following Missouri cases: Merz v. Tower Grove Bank & Trust Company, 344 Mo. 1150, 130 S. W. (2d) 611; Irwin v. Burgan, 325 Mo. 309, 28 S. W. (2d) 1017; Jones v. Jones, 325 Mo. 1037, 30 S. W. (2d) 49.

The facts in the Merz case and in the instant case are similar, but the trial procedure was essentially different. In each case a widow, stating grounds available only to a widow, asked to set aside a trust as to her interest only. On proof of such allegations the trust could be set aside as to the widow and left in full force as ▮ to all others. In each case a defendant answered admitting the right of the widow to cause the trust to be set aside as to her interest and then, by cross bill on different grounds, asked that the trust be set aside entirely. In the Merz case the cross bill was not attacked by demurrer, motion to strike or otherwise. True, in that case objection was made to the introduction of evidence in support of the cross bill and claim was made that the court was without jurisdiction to hear the cross bill for the alleged reason that an heir of a fraudulent grantor cannot sue to set aside such a conveyance. That was not a valid objection for, while want of consideration for the conveyance would not alone support the heir's suit, the other allegations as to mental incapacity, undue influence, or mistake, stated a cause of action. A court of equity certainly has jurisdiction to set aside an entire trust on such allegations in a suit by an heir if made in an original bill and we see no reason why it cannot do so upon a cross bill when no valid objection is made to raising the issue in that manner. In the Merz case the parties voluntarily tried the allegations of the petition and the cross bill as one case involving the validity of the entire trust.

In the instant case appellant's brief concedes that his cross bill seeks no relief against plaintiff and, of course, it contains no defense to plaintiff's petition.

The trial court's action in sustaining plaintiff's timely motion to strike out the new cause of action set up in appellant's cross bill is in accord with previous rulings of the supreme court. We so held in Joyce v. Growney, 154 Mo. 253, 55 S. W. 466, and Fulton v. Fisher, 239 Mo. 116, 143 S. W. 438. Both those opinions were written by the late Judge Valliant and have been approved in many later cases. [See Mo. Dist. Telegraph Co. v. Telephone Co., 336 Mo. 453, 1. c. 461, 79 S. W. (2d) 257.] The ruling is based upon a statute that requires a counterclaim (which embraces an equitable cross bill as held in Fulton v. Fisher, 239 Mo. 1. c. 129) to be in favor of a defendant and *against a plaintiff*. The last revision of this statute prior to the new Code of Civil Procedure was Section 929, Revised Statutes Missouri 1939. [Mo. R. S. A., same section.]

In Fulton v. Fisher, 239 Mo. 1. c. 130, we said: "A cross-bill in equity pleading is a matter of defense to the original bill, or an auxiliary suit by a defendant against the plaintiff or against other defendants, either to afford the cross-pleader a more adequate defense to the original bill than a mere answer would give, or to afford him affirmative relief concerning the same matter covered by the original bill. Whilst the cross-bill may go against a co-defendant, yet it must go also against the plaintiff and relief can be had against a codefendant only when it is in aid of the cross-pleader's defense to the original bill."

In Jones v. Jones, supra, cited by appellant, the cross bill stated a cause of action against the plaintiff. We fail to see how Irwin v. Burgan, supra, decides any question present in the instant case. Cases cited by appellant from other jurisdictions are not in accord with our previous rulings.

It is unnecessary to review cases cited by appellant holding that where a court of equity obtains jurisdiction of a case on some other ground it may construe a will if necessary to determine the rights of the parties. Of course, that is the law, but in the instant case, although the petition mentions the will and names the executors as defendant, neither the validity of the will nor its construction is involved in determining the rights of the parties in the cause of action stated in the petition.

Appellant contends the court erred in sustaining the second motion which struck out the remaining part of his answer and dismissed the case as to him. He says he was a necessary party, citing: Kidd v. Schmidt, 345 Mo. 645, 136 S. W. (2d) 72, and Growney v. O'Donnell, 272 Mo. 167, 198 S. W. 863.

In Kidd v. Schmidt the plaintiff sued in ejectment for certain real estate. By cross bill defendant sought to set aside a deed to the land made by a third person to plaintiff. We held the third person was a necessary party. There the deed in its entirety was under attack, while here the plaintiff's petition attacks the trust indenture

only as to her interest and appellant concedes her right to do so. In Growney v. O'Donnell the defendant's answer was antagonistic to plaintiff's petition.

After the first motion was sustained, appellant's answer contained a concession that plaintiff was entitled to recover and contained nothing to show that he was entitled to attack the entire trust instrument. He was no longer a necessary party to plaintiff's cause of action.

 Finally, appellant says that plaintiff was without right to move to strike his cross bill, because it sought no relief against her and she could not be aggrieved by it. But it sought to engraft a new suit upon her suit with the attendant delay and confusion which might result. She had sufficient interest to authorize her to make the motions.

The new Code has changed the law as to counterclaims and cross bills, has empowered the chancellor to order separate trials, and permits an appeal from a judgment on a separate trial without waiting for all issues to be tried, but those provisions are not applicable here. [Civil Code, sections 73-79, inclusive, section 97, Supreme Court Rules 3.16, 3.29.] Under the law existing at the time of trial the chancellor did not err in his rulings in the instant case, and the same must be and is hereby affirmed. All concur.