GERTRUDE WANSTRATH v. JOHN C. KAPPEL, JR.; MARTHA RANEY and MUTUAL BANK AND TRUST COMPANY, a Corporation, as Trustees, etc., MINETTE McFARLAND ET AL., Defendants-Appellants, JOHN C. KAPPEL, JR., Executor, etc., Defendant-Appellant.—Nos. 39812 and 39813.—201 S. W. (2d) 327.

Division One, April 21, 1947.

*James E. Higgins, Harry G. Neill, Robert T. Hensley* and *Marvin Krause* for appellants John C. Kappel, Jr., Martha Raney and Mutual Bank & Trust Company, Trustees.

*Bernard J. Huger* and *Edw. V. P. Schneiderhahn* for appellants Reverend Father Anselm Secor, C. P., Pastor of St. Ann's Catholic Church of Normandy.

212

*Thomas S. McPheeters* and *Bryan, Cave, McPheeters & McRoberts* for appellant Minette McFarland.

*McDonald, Bartlett & Muldoon, Daniel Bartlett* and *Thomas F. Muldoon* for respondent Gertrude Wanstrath.

*Henry Ebenhoh* and *Walter S. Berkman* for appellant John C. Kappel, Jr.

*John A. Nolan* for guardian ad litem.

DOUGLAS, P. J.—This is an equitable action by Gertrude Wanstrath, widow of George J. Wanstrath, deceased, to establish her widow's right to a child's share or one-third of certain personal property placed in trust by her husband before his death. She seeks to have the trust set aside as to her child's share, and to have the trustees turn it over to her subject only to proportionate deduction for debts. Sec. 323, R. S. 1939, Mo. R. S. A. The defendants are the trustees of the trust, executor of Wanstrath's estate, those interested in Wanstrath's estate, and beneficiaries of the trust estate.

Four months and eight days before his death Wanstrath transferred to himself and Mrs. Raney, his confidential secretary and bookkeeper,

as co-trustees, the major portion of his property consisting of bonds, notes, deeds of trust, shares of stock and $29,418.29 in cash on deposit, with the right to add additional property and securities from time to time. Wanstrath reserved the right to amend the terms of the trust, to revoke it in whole or in part, and to withdraw from the trust any sums of money, securities or other property as he wished at any time. The trustees were given the full powers of management and investment of ▆▆▆ the trust property. The entire income was payable to Wanstrath during his life. After his death the trust provided that one-half of the corpus should be held in trust for the benefit of Wanstrath's daughter with the income payable to her for her life. The other half was held in trust for Wanstrath's widow, the plaintiff, with the income payable to her until her death or remarriage. Upon Wanstrath's death defendants Kappel and the Mutual Bank and Trust Company were named as successor trustees in Wanstrath's place to act with Mrs. Raney.

At the time he created the trust Wanstrath was seventy-five years old, his wife about thirty years younger. They had been married for nine years. Wanstrath was suffering from a chronic heart condition described by one doctor as a ''coronary heart condition and angina pectoris'' and was seeking medical advice from a number of doctors.

On the same day Wanstrath created the trust he executed his will. There we find some light on Wanstrath's purpose for creating the trust. He recites in his will that he has transferred practically all of his property to trustees, and that the trust instrument has provided for the distribution of his estate. The will continues ''but I am anticipating that the said trust agreement may be attacked by my wife, my son, or my daughter herein named, and if it shall be determined, as a result of any such attack, that any of the property deposited thereunder was mine on the date of my death, then I do hereby direct that the same be distributed by my hereinafter named executors in accordance with the provisions of said indenture of trust.''

The trust estate was valued at approximately $402,000, Wanstrath's decedent's estate under administration at about $10,000.

▆▆ The trial court in its decree found that Wanstrath at the time he created the trust was ill and knew that he was suffering from a serious heart ailment from which he died after a few months, that the trust was made while Wanstrath was conscious of impending death, and for the purpose of depriving his surviving widow of her marital interest in the personal property transferred in trust, and in fraud of the widow's marital interest. The trial court further found the widow never knew of or agreed to the creation of the trust and was not estopped from attacking its validity. It ordered the trust set aside as to one-third of the corpus and that the widow recover as her absolute property such portion from the trustees subject to deduction of one-third of the amount of taxes paid and claims allowed.

It is our opinion that the decree was proper under the evidence and must be affirmed.

The decisions on this subject are not uniform and courts have differed on the effect of a disposition of property by one spouse in which the other would be entitled to share if held at the death of the first spouse. "However many cases have taken the view that a purported disposition of such property by one spouse, which is not a good faith transaction, but merely a device to retain actual ownership, use, and enjoyment of the property until death, and at the same time to defeat the right and interest of the other spouse under the law of descent and distribution in such property at death, is fraudulent and not effective against such right and interest of the other spouse. The determination, however, of what is a good faith transfer or a merely colorable transaction attended by facts indicative of fraud on such right within the rule cannot be determined by any definite test. Each case must be considered in the light of the special facts and the law of the jurisdiction where decided." 26 Am. Jur., Husband and Wife, sec. 201. For a discussion of the various rules followed in the decisions of the several jurisdictions see cases and annotations in 64 A. L. R. 463, 112 A. L. R. 643, 157 A. L. R. 1164.

The rule was early announced in this state that although dower is given in personal estate by our statute, yet it was not thereby intended to restrain the husband's absolute control of it during his life, to give and dispose of as he wishes; provided it be not done without consideration, in expectation of death, and with a view to defeat the widow's dower. Stone v. Stone, 18 Mo. 389, 392. And to the same effect see Dyer v. Smith, 62 Mo. App. 606, Straat v. O'Neil, 84 Mo. 68, Newton v. Newton, 162 Mo. 173, 61 S. W. 881, Davis v. Davis, 5 Mo. 183, Tucker v. Tucker, 29 Mo. 350 and 32 Mo. 464; Rice v. Waddill, 168 Mo. 99, 67 S. W. 605.

A more recent case and one with the fact so similar to the instant one that its decision is pat on the question of the widow's right to recover is Merz v. Tower Grove Bank and Trust Company, 344 Mo. 1150, 130 S. W. (2d) 611. There we said: "The general rule of law (long in effect in this state) is that a conveyance of property by the husband without consideration and with the intent and purpose to defeat his widow's marital rights in his property, is a fraud upon such widow and she may sue in her own right, and set aside such fraudulent conveyance, and recover the property so fraudulently transferred, to the extent of her interest therein. . . . We adhere to the rule as applied by this court. We hold that the general rule with reference to voluntary transfers of property in contemplation of immediate death, and with the intent and purpose to defeat, and therefore to defraud, the widow of her marital rights, applies to the transfer of property by the trust instrument in this case."

In the case before us the evidence clearly and sufficiently shows and the trial court so found that Wanstrath made a transfer of his property, voluntarily and without consideration, in contemplation of death, for the purpose of defeating the widow of her marital rights and therefore in fraud of such rights.

As was also held in the Merz case, and we hold here that the cases of Davis v. Rossi, 326 Mo. 911, 34 S. W. (2d) 8, Sims v. Brown, 252 Mo. 58, 158 S. W. 624 and Coon v. Stanley, 230 Mo. App. 524, 94 S. W. (2d) 96, relied on by appellants, are distinguishable on the facts and are not apposite.

■ We find nothing in the record of this case which sustains appellants' claim that the widow was estopped to deny the validity of the trust instrument. While it is true that she had participated as a cotrustee under two previous trusts with different provisions created by Wanstrath, that fact certainly does not affect her right to attack an instrument fraudulent in law as to her, which she had no connection with or even any knowledge of its provisions. It even appears that the execution of the trust instrument was concealed from her during her husband's lifetime. She never accepted any benefits of the trust.

■ The executor of Wanstrath's estate has filed a separate appeal in addition to joining all the other defendants in their joint appeal. In his separate appeal he raises the issue that the trust must be declared void in toto because it is testamentary in character instead of being held void only as to the widow's child's share on the ground of being in fraud of her rights. The petition does not charge the trust is testamentary. It seeks to free from the trust only the widow's child's share. The executor in his answer and at the trial sought to uphold the trust in its entirety. In a memorandum the trial court expressed the view the trust was testamentary in character, but it is well settled that such memorandum has no binding effect on an appellate court. Such is particularly true in the light of subsequent events in this case. Some days later a decree was entered which also held the trust was testamentary in character. Thereafter the executor filed a motion asking the trial court to modify the decree by declaring the trust void in toto. This was the first time this issue was raised. The trial court overruled this motion and on its own motion modified the decree by eliminating the finding that the trust was testamentary.

The executor relies on the Merz case, supra, in support of his position. There the trial court held the trust was void as to the widow's share only but this court on appeal held the trust was void in toto. But that issue was raised by the pleadings in that case. This court found "the petition attacks the entire conveyance as fraudulent and as testamentary in character." A defendant in his answer and cross bill charged the conveyance in trust was void in toto. There was also the issue in that case that the trust company had imposed on the creator of the trust and the trust instrument was executed under

218

mistake and misapprehension. Accordingly it is clear that case, because of the difference in facts, does not support the executor's contention in this case. He is now attempting to raise a new issue that was not raised by the pleadings and was not before the trial court at the trial.

 Merely because the trust is void as to the widow's rights does not necessarily make it void as to the rights of other beneficiaries. We considered this same trust in a preliminary phase in Wanstrath v. Kappel, 354 Mo. 565, 190 S. W. (2d) 241. We observed there: "On proof of such allegations the trust could be set aside as to the widow and left in full force as to all others." And in Straat v. O'Neil, 84 Mo. 68 this court, discussing cases of this kind, said that the relief granted by courts of equity in such cases has been to set aside the fraudulent conveyance in so far as it affects the rights of the widow. We find in Bolles v. Toledo Trust Co., 144 Ohio St. 195, 58 N. E. (2d) 381, 157 A. L. R. 1164 a specific ruling that such a trust in that case was valid except as to the statutory rights of the widow. And see Scott on Trusts, sec. 57.5.

The judgment is *affirmed*. All concur.