GERTRUDE WANSTRATH, (Plaintiff) Respondent, v. JOHN C. KAPPEL, JR., MARTHA RANEY, and MUTUAL BANK & TRUST COMPANY, a Corporation, Trustees Under Declaration and Conveyance in Trust of GEORGE J. WANSTRATH, MINETTE MCFARLAND, JOHN C. KAPPEL, JR., Executor Under Will of GEORGE J. WANSTRATH, Deceased, (Defendants) Appellants.—No. 40881.—218 S. W. (2d) 618.

Division One, March 14, 1949.

1078

Robert C. Powell, Hensley & Hensley, and Harry G. Neill, Jr., for appellants John C. Kappel, Jr., Martha Raney and Mutual Bank & Trust Co., a Corporation, Trustees.

Thomas S. McPheeters and Bryan, Cave, McPheeters & McRoberts for Minette McFarland, appellant.

*McDonald, Bartlett & Muldoon, Daniel Bartlett* and *Thomas F. Muldoon* for respondent.

. [619] DALTON, C.—This is the second appeal in this case. Defendants have appealed from an adverse judgment with reference to certain charges of costs and expenses incident to this litigation and the administration of the trust estate, such as trustees' fees and expenses, attorney fees, guardian ad litem fees and expenses, et cetera, which defendants contend should be taken into consideration in determining the net amount due plaintiff under the prior decree.

The original action was in equity to establish plaintiff-widow's right to a child's share or one-third of certain personal property, which her husband George J. Wanstrath had placed in trust four months and eight days before his death. Substantially all of her husband's property had been transferred to the defendant trustees under the declaration of trust. Plaintiff sought to have such trust set aside as to her "child's share" of such property and to have such share turned over to her by the trustees of the trust, subject only to proportionate deduction for debts. Sec. 323 R. S. 1939; Wanstrath v. Kappel, 356 Mo. 210, 201 S. W. (2d) 327. The trial court by its decree found that George J. Wanstrath "at the time he created the trust was ill and·knew that he was suffering from a serious heart ailment from which he died after a few months, that the trust was made while Wanstrath was conscious of impending death, and for the purpose of depriving his widow of her marital interest in the personal property transferred in trust, and in fraud of the widow's marital interest. . . . It ordered the trust set aside as to one-third of the corpus and that the widow recover as her absolute property such portion from the trustees subject to deduction of one-third of the amount of·taxes paid and claims allowed." (201 S. W. (2d) 327, 329). The court retained jurisdiction of the cause for such further orders as the court might determine to be necessary to carry out the terms of the decree.

In partial compliance with the decree, which was affirmed by this court in Wanstrath v. Kappel, supra, the defendant trustees filed certain reports and statements of account, showing securities and cash received as of June·10, 1943 (the date of the death of George J. Wanstrath) and including credits against receipts, income debits,

credits against income, recapitulation and also a summary as of June 1, 1947. In said statements and summary, defendants charged against the plaintiff's one-third share of the estate of her deceased husband an item of $13,201.53, purporting to be $12,500 as "her proportionate part of trustees' fee for services" and $701.53, as one-third of the expenses advanced by the trustees, as per their statement. In this connection the defendant trustee Kappel testified: "We are charging $12,500 as a trustee's fee in connection with the distribution to Mrs. Gertrude Wanstrath of one-third of the estate." The statements, as filed, further contained suggestions for partial distribution to plaintiff, subject to the payment of the following: (1) one-third of the claims allowed and which might be allowed against the estate of the deceased (Wanstrath); (2) one-third of the costs and expenses in the administration of said estate of deceased, which estate was then pending in the probate court of St. Louis county; (3) one-third of the costs and expenses of the present litigation, including attorney fees for attorneys employed by the trustees and costs, and guardian ad litem fee and expenses, not then determined; and (4) other items not material on this appeal. Objections and exceptions were duly filed by plaintiff. The defendants replied thereto and the issues were ruled by the court, as hereinafter indicated.

Thereafter, John A. Nolan, guardian ad litem for certain minor defendants in the original cause, duly filed an application for a fee and expenses and he was allowed a fee in the sum of $2,000 for services rendered, plus $16.82 for expenses. On the application of James E. Higgins, Henry Ebenhoh, Robert Hensley, J. Marvin Krause and Harry G. Neill, Jr., attorneys for defendant trustees, said attorneys were jointly allowed the sum of $6,000 for legal services renered to the defendant trustees in connection with the original cause. Such services included all services from the filing of plaintiff's petition, through the trial [620] and appeal of the cause and the preparation of the statements and summary filed in the present proceeding, and also all services rendered defendant trustees in the circuit court in connection with the answer and cross-bill filed by George J. Wanstrath, prior to the dismissal thereof. See, Wanstrath v. Kappel, 354 Mo. 565, 190 S. W. (2d) 241. Over the objections and exceptions of defendants, the court further ordered that the said sum of $2,000, as allowed the said guardian ad litem of said minor defendants, and said sum of $6,000, as allowed the attorneys for defendant trustees, *be taxed as costs against the balance of the corpus of the trust estate, after distribution of plaintiff's share to her under the former decree.* All requested allowances to the defendant trustees out of plaintiff's "child's share," on account of trustees' fees and expenses incident to the defense of plaintiff's suit, or as incident to the administration of plaintiff's said "child's share" as a part of the trust estate, were denied.

No evidence was offered by the defendant trustees tending to show that the amount claimed as trustees' fee was a reasonable fee for services; however, before determining that the claimed fee for services was not a proper charge against plaintiff's share, the court advised defendants' counsel that, if the court deemed the item a proper charge against plaintiff's one-third interest, he would inform counsel and hear evidence in support of the reasonableness of the fee claimed for services.

Defendants' motions for a new trial and for rehearing were overruled and defendants have taken their appeal from the final judgment entered, as of January 12, 1948. By such final judgment, defendant trustees were denied the right to charge against plaintiff's one-third share of the estate, as previously ordered and decreed to be paid to her under the original decree, the following items: (1) the sum of $12,500, which the trustees claim to be "her proportionate part of the trustees' fees for services" and a "proper charge against plaintiff's share"; (2) one-third of all expenses advanced by the trustees in defending the original action and prosecuting the appeal (originally set out in the sum of.$701.53); (3) one-third of the sum allowed to the guardian ad litem as fee and expenses; and (4) one-third of the sum allowed by the court to defendant trustees' own attorneys for services rendered in defending, appealing and further handling the cause. As stated, all allowances to the attorneys and guardian ad litem were taxed as costs and charged against the balance of corpus of the truste estate after the payment of plaintiff's share to her.

Appellant trustees contend that the "trial court erred in holding that plaintiff should bear no part whatsoever of the trustees' fees or expenses, or other expenses of the litigation in her suit to establish the allegations of her petition." Error is specifically assigned on the court's action (1) "in not allowing a proportionate part of the costs in the case, the cost of the litigation, and the trustees' fees and expenses, to be charged against plaintiff's 'child's share' "; and (2) "in ordering that the allowance to the guardian ad litem for his fees and expenses and the allowance of fees to the attorneys for the trustees should not be borne proportionately by plaintiff's 'child's share.' " Appellant Minette McFarland, a beneficiary of the trust estate, contends that the allowances to the guardian ad litem and to the attorneys representing the trustees, were "all incurred in defending the trust"; that respondent Gertrude Wanstrath should have been charged with a share of such allowances; and that the court erred "in entering its order taxing such allowances and fees solely against the remainder of the trust after the setting aside of the widow's one-third share."

Appellant trustees rely first upon the well established rule that, where a widow elects to take a child's share of the personalty of her deceased husband under Sec. 323 R. S. 1939, she takes subject

to debts and the costs of administration, as an ordinary distributee of his estate; and that her share is subject to its proportionate part of all claims allowed against the husband's estate and all proper charges for costs and expenses incident to the administration thereof in the probate court. In re Poe's Estate, 356 Mo. 276, 201 S. W. (2d) 441, 443; In re Bernay's Estate, 344 Mo. 135, 126 S. W. (2d) 209, 215; Howard v. Strode, 242 Mo. [621] 210, 146 S. W. 792. This record, however, presents no such issue, because it is conceded that respondent's share is subject to her proportionate share of the debts and costs and expenses of administration of her husband's estate in the probate court, and it was so ordered. In this case, as stated, appellants contend that respondent's share is *further* subject to its proportionate share of the costs and expenses, attorney fees, trustees' fees and costs, connected with the administration of the *trust estate,* which trust estate was set aside to the extent that the transfer in trust was in fraud of respondent's marital rights. It is appellants' theory that respondent's said share of the personal property of her deceased husband's estate is subject to the same charges that other funds validly and properly a part of the trust estate are subject to. Such contention is made regardless of the fact that respondent, in this action, has recovered a judgment against the appellants for a one-third share of the property transferred in trust and, further, a judgment for costs, which costs ordinarily would include such items as the allowances to the guardian for services and expenses and other items taxed as costs.

The original decree, which was affirmed on the prior appeal, provided: "The court doth further find and adjudge that one-third of the personal property described in and transferred under the conveyance and declaration in trust of the 2nd day of February, 1943, and the property subsequently added thereto by the said George J. Wanstrath during his lifetime (less property subsequently withdrawn by him and as to which he revoked the said declaration and conveyance in trust) as hereinbefore found and set forth herein by the Court, is the absolute property of the plaintiff as the surviving widow of said George J. Wanstrath; and that none of the defendants to this suit have any right, title or interest therein, present or contingent whatever. . . . It is further ordered, adjudged and decreed by the Court that plaintiff have and recover of the estate of George J. Wanstrath, deceased, and defendant trustees her costs in this behalf expended for which let execution issue."

Appellants' theory is that, regardless of the provisions of the judgment heretofore entered, respondent's net share of the personal estate of her deceased husband can not be ascertained until all such items, as "costs, expenses, guardian ad litem fees and expenses, trustees' fees and attorney's fees," *connected with this suit and the administration of the trust estate,* have been discharged proportionately

out of respondent's share. No question is presented concerning the validity of the court's allowance of a fee to the attorneys, who represented the appellant trustees in this litigation, nor concerning the allowance of a fee and expenses to the guardian ad litem for the minor defendants. It is not a question of whether the trustees and their attorneys shall be paid for services rendered to the trust estate, or whether expenses incurred on behalf of said trust estate shall be paid, but whether respondent's "child's share" of her husband's estate shall be subjected to the payment of one-third of such expenses. So far as appears, the trust estate, on whose behalf the services were rendered and the expenses incurred, is in existence, and functioning as such, and amply able to discharge these obligations. "Merely because the trust is void as to the widow's rights does not necessarily make it void as to the rights of other beneficiaries." Wanstrath v. Kappel, supra, 201 S. W. (2d) 327, 331. It is immaterial, therefore, to any issues in this case that defendant trustees may have had a legal duty to defend the trust estate against plaintiff's action; or that they may have been fully justified in making the defense as made; or that they exercised ordinary prudence and acted in good faith in employing counsel and expending funds to defeat plaintiff's action. If respondent's "child's share" is not subject to a proportionate part of these expenses, the trust estate still exists and, apparently there are adequate funds in the trust estate out of which appellants and their attorneys may be paid for services rendered to, or expenses incurred on behalf of, the trust estate.

In addition to a reliance on the rule that a widow, who elects to take a child's share of the personalty of her deceased husband, takes subject to debts and the costs [622] of administration of her husband's estate, the appellant trustees rely upon the general rule that any beneficiary or distributee of the estate of a deceased person, or of a proper testamentary trust estate, et cetera, takes subject to the payment of costs and expenses incident to the proper administration of such estate. In re Carlin's Estate, 226 Mo. App. 622, 47 S. W. (2d) 213, 215; Hewitt v. Duncan's Estate, 226 Mo. App. 254, 43 S. W. (2d) 87, 89; In re Stevens' Estate (Mo. App.), 116 S. W. (2d) 527, 533; In re McKinney's Estate, 351 Mo. 718, 173 S. W. (2d) 898; In re Mayhall's Estate (Mo. App.), 151 S. W. (2d) 545; Lucas v. Manufacturing Lumbermen's Underwriters (Mo. Sup.), 166 S. W. (2d) 537, 540. These cases do not aid the appellant trustees, because respondent does not claim under the declaration of trust, nor as a beneficiary of the trust estate, nor does the decree authorize a recovery of a fractional interest of the net trust estate, subject to the costs and expenses of the administration of the trust estate. By the decree, she recovered one-third of the property transferred to the defendant trustees under the conveyance and declaration in trust, not one-third of such property after the payment of costs and attorneys' fees

and all expenses connected with the due and proper administration of the trust estate. The *conveyance in trust* was set aside to the extent mentioned and said interest in said property was declared to be "the absolute property of plaintiff as surviving widow . . . and that none of the defendants to this suit have any right, title or interest therein, present or contingent whatsoever." This judgment, having been affirmed on appeal, became the law of the case and governed subsequent proceedings therein.

Appellant trustees, however, point out that, in their amended answer in the original cause, they alleged that they had been required to defend the action in their capacities as trustees under the indenture of trust; that they had been required to employ counsel and incur other expenses in defense of the suit and otherwise; and that they had rendered substantial and extraordinary services in the administration of the trust. They asked the court to make a reasonable allowance to them in compensation for counsel fees and services rendered in the preparation and defense of the case, and for "services rendered in the administration of said trust estate, payable out of the corpus of the trust estate."

Thereafter, the court entered the decree, which was affirmed on appeal, and subsequently the allowances, mentioned supra, were made to the guardian ad litem and the attorneys for the trustees and such allowances were ordered "to be taxed as costs against the balance of the corpus of the trust estate after distribution of plaintiff's share to her under the decree of court." The judgment appealed from does not deny the appellant trustees compensation for services rendered the trust estate, nor does it deny recovery for expenses incurred on behalf of the trust estate. The court held "that no charge should be made against the plaintiff or any deduction from her share, as found and decreed by the court, . . . on account of any expenses of said trustees as set forth in their statements and plan of division or otherwise, except" (rental of safety deposit boxes). The court further held "that the defendants, who are trustees as aforesaid, are not entitled to the payment, out of the share of plaintiff, as found and decreed by the Court, of property in the hands of said defendants, of any trustees' fees or other compensation for their services as such in the amount of $12,500.00, as reported in their said statements and plan of division, or in any other amount, and that no sum should be charged against plaintiff or deducted from her share, as found and decreed by the Court, of property in the hands of the defendants who are trustees as aforesaid, on account of any trustees' fees or other compensation to said trustees for their services as such." The pleadings mentioned do not aid appellants' claim on this appeal.

In addition to the authorities heretofore referred to, all of the appellants rely upon Loud v. St. Louis Union Trust Co., 313 Mo. 552, 281 S. W. 744 and Loud v. St. Louis Union Trust Co., 298 Mo.

148, 249 S. W. 629. In the Loud case, supra (249 S. W. 629) a testamentary trust created under the will of Mary Jane Blanke was declared void because in violation of the rule against perpetuities. The [623] will had been probated in 1914 and defendant trustee had been in charge of the trust property after that date. Plaintiff had acquiesced in defendant's administration of the trust for a number of years. The suit to have the trust declared void was not instituted until 1920. In the meantime other litigation, in which plaintiff and defendant had been parties defendant, had intervened and certain provisions of the will had been declared valid and binding. The plaintiff had cooperated with defendant in its administration of the trust estate, had consented in writing to certain distributions and had permitted other payments to be charged to her as part of her allowances. The prior litigation, however, was no bar to the action, because the same issues had not been litigated. The entire testamentary trust was declared void under the established rule that, where portions of a will are void as being in contravention with the rule against perpetuities, and where those portions relate to the same property and constitute a part of a general plan of disposition, the valid, as well as the invalid, portions will fall together. The trial court had held the will and trust valid and had allowed defendant trust company a considerable sum for counsel fees and expenses. In reversing and remanding the case, this court said: "This is a very complicated case, and unquestionably a trust estate was created by the Blanke will, and it was but natural and proper for the trustee to employ counsel and have the record and briefs printed. If this was not permissible, then it might be with some difficulty that proper persons could be found who would act as trustees. I think the court properly allowed the trustee counsel fees and cost of printing briefs, etc. . . . The judgment of the circuit court is reversed and remanded, with directions to enter a decree for the plaintiff as prayed, and to take an accounting and turn over the property to the plaintiff as prayed, and to pay the counsel for respondent reasonable counsel fees and costs for services rendered in the circuit court and this court, and all costs of the case."

The holding that "unquestionably a trust estate was created by the Blanke will" and that the trustee was entitled to fees and expenses became the law of the case and was followed when the case came back on a subsequent appeal in Loud v. St. Louis Union Trust Company, supra (281 S. W. 744). The court held that the trustee, acting under powers conferred by the will, and believing that a trust had been created by the will was valid, was not liable to the plaintiff for a sale of stock under the powers granted, although subsequently the trust was held invalid, as violating the rule against perpetuities. It was further held that allowances to the trustee, as compensation for services rendered and for attorney fees and costs, were within the

sound discretion of the chancellor; and that defendant trustee, was entitled to take credit for such items. In addition to holding. that the ruling on the former appeal was the law of the case and authorized the allowances, the court cited Beck v. Kinealy, 89 Mo. App. 418, 425, wherein Goode, J., had said: "The rule is to allow trustees, in instruments which have been set aside for legal flaws, reasonable credits for such services and disbursements as were rendered in collecting the assets, converting them into cash, and other measures for the preservation of the estate."

The Loud case is not controlling here and does not aid the appellants for several reasons. In the Loud case it is apparent that the court's decision was materially influenced by the fact that, through a period of years, the plaintiff in that case had acquiesced in defendant's administration of the trust and had in fact cooperated with the defendant trustee. It further appeared that the trustee had acted in good faith; that the will and trust was held void on a proposition of law, wholly independent of the acts of the parties; and that, except for the exercise of the court's discretion, there was no method provided under which defendant trust company would be paid for its services and expenses. The court further held that a trust had been created by the will and, in effect, existed de facto, until held void for the reasons stated. This holding became the law of the case in subsequent proceedings.

We have a very different situation here, where the property covered by the judgment had been obtained by defendant [624] appellants by a transfer which amounted to a legal fraud on respondent, and where respondent was entitled to take her statutory property out of the trust estate and free from trust. No reason appears from this record why such property, so transferred in fraud of respondent's marital rights, should be subjected to the obligations sought to be imposed upon it (See Chemical Company v. Johnson, 101 N. C. 223, 7 S. E. 775); and, further, under the former decree, which is now the law of this case, respondent has a right to one-third of the property so transferred, and free from such charges and claims, as are now sought to be imposed upon it.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.